26504. FITTS *v.* ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY LIMITED *et al.*

DECIDED FEBRUARY 11, 1938.

*Pierce Brothers, Benjamin E. Pierce Jr., Franklin H. Pierce,* for plaintiff.

*Bussey & Fulcher,* for defendants.

FELTON, J. The evidence in this case showed that the deceased employee, Fitts, was employed by the Wingard Fertilizer Company to sell fertilizer on a commission basis. He traveled in his own car. He was killed on a return trip from South Carolina where he had gone to sell, and where he did actually sell, fertilizer for his employer. The president of the employer company testified that Fitts paid for his gasoline and oil, car repairs, and traveling expenses; that there was no set time for him to work; that he worked when he wanted to; that the hours of his work were not fixed; that Fitts selected the places he wanted to go; that the company did not order him, but if witness found a prospect he thought Fitts could sell he told him to see him. At this point in the testimony, the question was asked: "Other than that, he could travel anywhere in that territory?" Answer: "*Unless we had other business that would conflict with that.*" The following question was asked: "You could tell Mr. Fitts to go to Allendale, if you saw fit, to see a person?" Answer: "Well—." Q: "You could direct him?" A: "It was money in his pocket. I told him about a good many customers." Q: "You had a right to direct him if you wanted him to go to another place in the territory, if you saw fit to tell him to go?" A: "I don't know whether I would or not." Q: "If he had told you yesterday afternoon he was going to Hampton and if you had said 'I prefer you to go to Millen,' you would have had a right to do that?" A: "I might." The witness testified further that the company had the right to discharge Fitts at any time he was not satisfactory.

While the evidence is very meagre, we are of the opinion that there was enough to authorize the finding that the relationship of employer and employee existed for the reason that the testimony of the president of the employer company, in effect, in spite of his evasive answers, at least authorized the conclusion that the company retained the authority to control the time, means, and manner of the employee's work, whether it actually did so or not. It was therefore error for the superior court to vacate the award of the Department of Industrial Relations.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*