22428. Jones *v.* Cochran.

Stephens, J. 1. The phrase "regularly in service," as used in section 15 of the workmen's compensation act, wherein it is provided that the act has no application to an employer that "has regularly in service less than ten employees in the same business within this State," has reference to such employment as is more or less permanently adapted to the business of the employer at the particular time, and continues through a reasonably definite period of time and possesses the characteristic as applied to the business of being unvarying in practice, and steady or uniform in course and steadily pursued; and as contradistinguished from an employment that is merely casual or for a particular occasion, and which has not the characteristics of permanency. *McBrayer* v. *Columbia Casualty Co.,* 44 *Ga. App.* 59, 61 (160 S. E. 556) ; Adams *v.* Ross, 230 App. Div. 216 (243 N. Y. Supp. 464) ; Green *v.* Benedict, 102 Conn. 1 (128 Atl. 20) ; Schneider's Workmen's Compensation Law (2d ed.), Vol. 1, section 28; 28 R. C. L. 767; Funk & Wagnall's New Standard Dictionary, and Webster's New International Dictionary, defining "regular."

2. Where one is engaged in conducting a bakery and selling his product through traveling salesmen, and the volume of the business fluctuates periodically and the number of employees in the business fluctuates under and above ten, accordingly as the volume of the business demands, and where, during a period when the volume of business and the demand for the product has increased, the employer employs ten or more employees in the conduct of the business, and the services of the employees are necessary to the operation of the business during the period of increased volume, and where, from the nature of the business and the work done by the employees, they are likely to be retained in service for a reasonably definite period of time during which the work for which they are employed will be unvarying and steadily pursued, the employees are "regularly in service," and the employer, unless otherwise exempt from the operations of the compensation act during this period, is one who has "regularly in service" ten employees and is subject to the workmen's compensation act. The evidence authorized the finding made by the commission that at the time of the injury the employer had regularly in service more than ten employees, and came under the act.

3. An employer who has "regularly in service" ten employees or more, and who has not given notice of his election to reject the provisions of the compensation act, as provided in section 4 of the act, is taken to have accepted the provisions of the act, and if such employer "refuses," as provided in section 67 of the act, to comply with the provisions of sec-

tion 66 of the act relative to insuring his "liability" under the act, or to furnish to the commission satisfactory proof of his ability to pay compensation, the commission may assess against the employer a penalty of ten per cent. upon the amount of the compensation awarded. Where the commission in awarding compensation had assessed as the penalty an additional sum equal to ten per cent. of the compensation awarded, the award was not error because the commission did not find that the employer had "wilfully" neglected to comply with the provisions of the act; and where the employer had failed to comply with the provisions of section 66 of the act, such failure amounted to a refusal of the employer to so comply, and the award was not illegal upon the ground that it appeared that the employer did not "refuse" to comply with the provisions of the act.

4. It not appearing conclusively and without dispute, from the evidence adduced before the commissioner, that the $30.75 paid by the employer for hospital services rendered to the claimant was for services rendered within thirty days after the accident, it was not error for the commission to refuse to give the employer credit for such payment.

5. The judgment of the superior court sustaining the appeal of the employer from the award of the industrial commission, upon the ground that the evidence was insufficient to authorize a finding that the employer had ten employees "regularly in service," and was also insufficient to show that the employer should be penalized for failing to comply with the provisions of the act, and in recommitting the case to the commission for a further hearing in conformity with this judgment, was error.

6. The evidence authorized the award, and the judgment sustaining the appeal and recommitting the case, therefore, must be reversed.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 8, 1933.

*W. A. Dampier, S. P. New,* for plaintiff.
*C. C. Crockett,* for defendant.