## EMPLOYERS LIABILITY ASSURANCE CORPORATION et al. v. HUNTER.

No. 11593.   MARCH 10, 1937.
ADHERED TO ON REHEARING, MARCH 25, 1937.

*Neely, Marshall & Greene,* for plaintiffs in error.
*Vance Custer* and *J. C. Hale,* contra.

HUTCHESON, Justice.   During the latter part of 1933 the Manly Construction Company, the employer, a Florida corporation, was engaged in the paving of a road in Florida.   One of its agents, while in Bainbridge, Georgia, hired Clarence Hunter, claimant herein, to do work for the construction company in Florida. The Manly Construction Company was connected with the Broadbent Construction Company of Georgia.   The two companies frequently exchanged laborers, tools, and equipment in their various paving jobs.   On April 15, 1934, Hunter was sent with a load of tools for delivery to the Broadbent Construction Company, then engaged in certain paving work in Georgia.   After delivery of the tools, the truck used in carrying the tools met with an accident on the return trip to Florida, but while still in Georgia, and Hunter in the accident sustained injuries which resulted in permanent total disability.   At the time of the injury the employer was

not actively engaged in construction work in this State, and did not have as many as ten men employed in this State. However, for several years before 1934 the Manly Construction Company had contracted for and performed paving contracts in Georgia, and at such times operated under the workmen's compensation act of this State, the Employers Liability Assurance Corporation being its insurer under the act. In 1934 it took out another policy with the same insurance company, for the purpose of insuring it under the compensation law in the performance of anticipated future business in this State, and the proper forms were filed with the Department of Industrial Relations. In the summer of 1934, after the injury to Hunter, the construction company performed paving contracts in this State, operating under the workmen's compensation law, being insured thereunder by the policy above referred to. Hunter filed his claim for compensation, and was awarded compensation after a hearing before the director. On appeal to the full board the award was affirmed. It was held that at the time of the accident both the employer and the employee were subject to the workmen's compensation act, and that the Department of Industrial Relations had jurisdiction as against the contention of the employer that the department had no jurisdiction because ten or more employees were not regularly in service at the time of the injury to the claimant, and the employer had not elected to be bound by the act. It was found, as a matter of fact, that the contract of employment was made in the State of Georgia with a resident of this State, and not expressly for services exclusively without this State, and that the employee was injured in this State while engaged in the usual course of trade, business, occupation, or profession of the employer. On appeal to the superior court the award was reversed, and the claimant excepted.

The Court of Appeals (*Hunter* v. *Employers Liability Assurance Corporation*, 54 *Ga. App.* 197, 187 S. E. 209) held that the taking out of the insurance policy by the employer brought the employer within and subject to the workmen's compensation act; and that when the employee filed his claim under the act, he voluntarily elected to come under the act. Error is assigned on this ruling, on the ground that the Court of Appeals overlooked the provisions of the Code, § 114-203, that "The notice to exempt

from the operation and effect of this title [workmen's compensation], and the notice of waiver of such exemption and of acceptance of same, in section 114-201 and section 114-202 ' respectively referred to, shall be given, in order to be effective with respect to a particular accident resulting in injury or death, 30 days prior to such accident. . .. A copy of any such notice, in prescribed form, whether given by the employer or employee, shall be filed with the Department of Industrial Relations; and unless so filed within 10 days from the time when any such notice is served, due and proper notice shall' be deemed not to have been given," which ·section, the petitioner in certiorari contends, provides the sole method for an employer, not having ten or more employees regularly employed in the same business in this State, to elect voluntarily to be bound by the act. The two sections referred to in the section quoted above provide (§ 114-201), that "every employer and employee, except as herein stated [employers having less than ten employees regularly employed being excepted: *Vandergriff* v. *Shepard,* 39 *Ga. App.* 791, 148 S. E. 596], shall be presumed to have accepted the provisions of this title, . . and shall be bound thereby, unless, prior to any accident . . notice to the contrary shall have been given in the manner herein provided," and (§ 114-202) : "Either an employer or an employee, *who has exempted himself by proper notice from the operation of this title,* may at any time waive such exemption and thereby accept the provisions of this title by giving notice as herein provided, which notice of waiver of such exemption shall be substantially in the following form," etc. Section 15 of the workmen's compensation act (Ga. L. 1920, pp. 167, 177; Park's Code, § 3154 (o); Michie's Code, § 3154(15); Code of 1933, § 114-107) provides that the act "shall not apply to . . any person, firm, or private corporation . . that has regularly in service less than 10 employees in the same business within this State, unless such employees and their employers voluntarily elect to be bound."

Whether or not an employer who has less than ten employees regularly in service in the same business in this State, and such employees, must, in order to voluntarily elect to be bound by the act, give the notice provided for in § 114-202, such notice being the notice required of either an employee or employer who desires to waive the exemption secured by the notice required in § 114-

201, it is not necessary to decide, under the facts as they appear in the present case. The Manly Construction Company was engaged in the paving-construction business. Before employment of the claimant it had for several years contracted for paving in Georgia, and had performed those contracts, operating under the workmen's compensation act. It had performed similar contracts after the injury to the claimant and within the same year, operating under the workmen's compensation act and insured by the same company and under the same policy involved in this case, taken out for the purpose of insuring its employees under the act. If at these times before the injury to the claimant it had less than ten employees regularly in service in this State, since it operated under the act, it must necessarily be assumed that it voluntarily elected to be bound, and that if in order to do so the notice required under section 114-202 was necessary, such notice was given. Under these circumstances, before it would be exempt from the operation of the act, the notice required under § 114-201 must have been given. No such notice was given before the injury of the claimant. If at the time it was performing its contracts in this State it had ten or more employees regularly in service in this State, it is presumed to have elected to come within the act and be subject thereto (§ 114-201), in the absence of the notice required in said section. Where an election has been made to be bound by the act, such election shall continue and shall include employees subsequently employed, unless such employees elect to reject the act. Code, §§ 114-207, 114-110; 71 C. J. 522, § 264.

Where the act requires that it shall not apply unless a specified number of employees are regularly employed, the word "regularly," as used in the statute, refers to the question whether the occurrence is or is not in an established mode or plan in the operation of the business, and has no reference to the constancy of the occurrence. Mobile Liners Inc. *v.* McConnell, 220 Ala. 562 (126 So. 626) ; 71 C. J. 400, § 136; 81 A. L. R. 1232, note; *Jones* v. *Cochran,* 46 *Ga. App.* 360 (167 S. E. 751). As was said in Mobile Liners Inc. *v.* McConnell, supra, "The word 'regularly' is not synonymous with 'constancy.' There are businesses of importance which employ numbers of men *regularly,* who employ none of them *continuously.* And a number of businesses  . .

will require a large number of employees, nearly all or a large number of whom are employed only *periodically,* for the reason that the needs of the business require their services only at intervals or periods, whenever the business is in active operation. We may illustrate by amusement parks, theaters, places of entertainment, building or *construction contractors* [italics ours] who have or may have many men working for them, and yet fall within the class of those who can not foretell the number of workmen they will have or need on the first of the next month or a given, designated date." And such businesses, as the business disclosed by the facts in the present case, come within the meaning of the act as to employers having a certain number or more employees "regularly in service," even though at the time of the injury to an employee less than ten men are at that time employed. Comerford *v.* Carr, 86 Colo. 590 (284 Pac. 121). It necessarily follows that under the facts of the present case the employer was in business in this State within the meaning of the act at the time of the accident, even though it may at such time have had no contracts to be performed or was not performing any contracts in this State. The contract of employment involved herein was made in this State, with a resident of this State, for work not expressly exclusively without this State, and the injury occurred in this State while the employee was engaged in the usual course of the trade, business, occupation, or profession of the employer. Under the rulings stated above, and the facts of the present case, the injured employee and the employer at the time of the injury were subject to the provisions of and operating under the workmen's compensation act of this State. As to whether the employer and the employee voluntarily elected to come under the act for the reasons given by the Court of Appeals, we do not express any opinion, for the reason that under the facts of the present case it was not necessary to determine, in order to reach the judgment rendered, that the taking out of an insurance policy by the employer insuring its employees under the act, and the filing of a claim by the injured employee, amounted to a voluntary election to be bound by the act.

Error is assigned also on that portion of the decision of the Court of Appeals wherein it was held that in view of §§ 114-602 and 114-608, "it follows that on the hearing before the director

of the Department of Industrial Relations of a claim for compensation by an injured employee against the insurance company, where it appeared from the records of the Department of Industrial Relations, of which the department could and did take cognizance, that the insurance company had issued to the employer a policy of compensation insurance, and the policy was in force on the date of the accident, the inference is demanded as a matter of law, notwithstanding the policy itself may not have been in evidence, that the insurance company had insured the employer against liability to its employees under the Georgia workmen's compensation act." Section 114-602 declares that "every employer who accepts the provisions of this title relative to the payment of compensation shall fully insure and keep fully insured . . his liability hereunder" in some insurance company, etc. Section 114-608 declares that "every policy for the insurance of the compensation herein provided, or against liability therefor, . . shall be deemed to be made subject to the provisions of this title." As a matter of law these provisions became a part of the contract of insurance as if expressly incorporated therein (*Great American Indemnity Co.* v. *Vickers*, 183 *Ga.* 233, 188 S. E. 24), and it was not necessary that the contract be introduced in evidence in order to determine its provisions as to this particular. Such contention is palpably without merit. It is contended, however, inasmuch as the wages of the claimant were not taken in consideration in fixing the premium charge on the policy, that he was not covered by the policy of insurance. Whether any premium has been paid based upon the wages paid the claimant while employed is a matter solely between the employer and the insurance carrier. Any employee under the act is covered by a policy of insurance issued pursuant to the act. Code, §§ 114-602, 114-608, 114-607. To hold that a premium based upon the wages of the employee must have been paid before he shall be covered by such policy would abrogate the purpose of the insurance provisions of the act.

We have not specifically dealt with some of the assignments of error and some of the contentions of the petitioners in certiorari, for the reason that they are fully answered by the rulings herein stated. For the reasons heretofore given, the judgment of the Court of Appeals, reversing the judgment of the superior

court sustaining the appeal of Manly Construction Company, the employer, and of Employers Liability Assurance Corporation, the insurance carrier, from the judgment of the Department of Industrial Relations awarding compensation to the claimant against both the employer and the insurance carrier, is sustained.

*Judgment affirmed. All the Justices concur, except Jenkins, J., disqualified.*