## 26977.  ELLIOTT ADDRESSING MACHINE COMPANY *v.* HOWARD.

DECIDED DECEMBER 1, 1938.

*Jones, Powers & Williams, Pollard Turman,* for plaintiff in error.
*H. T. Ellerby, Haas, Gambrell & Gardner,* contra.

STEPHENS, P. J.  Mrs. V. C. Howard filed a claim with the Department of Industrial Relations against Elliott Addressing Machine Company for compensation arising out of the death of her husband which occurred March 12, 1937.  It was admitted by the

defendant that the claimant's husband met his death during the course of the employment, but it contended that he was not employed by it at the time of his death, but that at that time he was in the employ of one Ashley, and that Ashley was an independent contractor. The single director, before whom the claim was heard, found as a matter of fact that the claimant's husband was employed at the time of his death by Elliott Addressing Machine Company, a foreign corporation, and awarded compensation. This award was approved by the full board, and on appeal to the superior court it was affirmed. The defendant excepted to that judgment.

It appeared from the evidence that Ashley was the manager of the defendant's Atlanta office and that he sold their products here, his sole compensation being the profits realized from such sales, from which he paid the salaries and commissions earned by the other employees. It further appeared that Ashley was listed in the City Directory of Atlanta as manager of the company; that all employees were registered under the social-security act as employees of Elliott Addressing Machine Company; that the signature on the social-security form was that of the vice-president of the company; that Ashley's business cards and letterheads were in the name of the company, with Ashley as its manager in Atlanta; that invoices from Sears-Roebuck Company, and other invoices, were in the name of Elliott Addressing Machine Company, that the company settled with Ashley twice a year, and in the meantime the company paid the rent and other office expenses by a company check direct from its home office in Cambridge, Massachusetts; that all employees in Atlanta were hired by Ashley and he had the right to say what they did and to fire them; that the purchaser of any machine was billed by the home office in Cambridge; and that on the window and doors of the office in Atlanta there appeared the name of the company. Some of the other employees of the company testified that they considered themselves working for the company, while others testified that they considered themselves working for Ashley. The director found that the deceased employee was not an employee of Ashley, individually, but was an employee of Elliott Addressing Machine Company, and that Ashley was also an employee of that company as the manager of its Atlanta office.

There was evidence before the director that for the week ending March 13, 1937, the company had eleven employees, counting Ash-

ley, but that for the week ending February 20, of that year it had ten employees including Ashley, but excluding a part-time employee who was not working at that time but who worked intermittently; that for the week ending February 6, including Ashley, the company had ten employees on the pay roll and one more on the expense account; and that on January 9, and January 16, there were only nine employees at work including Ashley. The claimant's husband met his death on March 12, 1937, at which time, for more than a month, ten or more employees had been regularly in service. It appeared that Ashley's name was on the weekly pay roll and employment sheet along with the other employees. It also appeared from the contract between Ashley and the company that it retained more or less control over the manner in which Ashley handled its products, and that all products belonged to the company until sold by Ashley; that it retained control of all machines in Ashley's possession; and that Ashley was to make a report to the company when he sold and charged any machines and when he accepted any old machines in trade on new ones. The contract also provided that any point as to its business not covered by the contract was to be decided by the president of the company, and that anything in the contract capable of interpretation in two or more ways was to mean whatever the president said it meant. The director also found, as a matter of fact, that the employer came within the purview of the compensation act by having regularly in service ten or more employees, and that it did not carry insurance coverage as required by the law and was therefore subject to the penalties prescribed by the Code, § 114-603. Accordingly, the claimant was awarded $11.90 per week for 300 weeks, and it was ordered that the employer pay to her $357, and to her attorney $500 as a penalty.

The true test in determining whether one is engaged as a servant or occupies the status of an independent contractor ordinarily lies in the answer to the question whether or not the work is to be done according to the workmen's own methods, without being subject to the employer's control except as to results to be obtained. *Maryland Casualty Co.* v. *Radney,* 37 *Ga. App.* 286, 288 (139 S. E. 832). If the employer has or assumes the right to control how the work shall be done, as distinguished from the mere right to require certain definite results in conformity to the contract, the relation is

that of employer and servant rather than that of employer and independent contractor. *Durham Land Co.* v. *Kilgore*, 56 *Ga. App.* 785 (194 S. E. 49) ; *Lokey* v. *Hightower*, 57 *Ga. App.* 577 (196 S. E. 210). Applying these principles to the evidence before the director, it follows that the findings of fact by him that Ashley was not an independent contractor but was an employee of Elliott Addressing Machine Company, and that the claimant's husband was an employee of that company, were not without evidence to support them and were not contrary to law. See *Fitts* v. *Zurich General Accident &c. Co.*, 57 *Ga. App.* 301 (195 S. E. 293).

The director having found, as a matter of fact, that Ashley was an employee of the defendant Elliott Addressing Machine Company, rather than an independent contractor, which finding was supported by evidence, it appears that the employer had had ten or more persons regularly in its employ at the time of, and for more than a month before, the claimant's husband's death, regardless of whether another intermittent employee could be considered regularly in service or not. On this question see *Jones* v. *Cochran*, 46 *Ga. App.* 360 (4) (167 S. E. 751).

An employer who has regularly in service ten employees or more, and who has not given notice of his election to reject the provisions of the compensation act as provided in section 4 (Code, § 114-201), will be taken to have accepted the provisions thereof, and if it refuses, as provided in § 67 of the act (Code, § 114-603), to comply with the provisions of § 66 (Code, § 114-602), relative to insuring its liability thereunder, or if it refuses to furnish to the Department of Industrial Relations satisfactory proof of its ability to pay compensation, the department may assess against such employer a penalty of ten per cent. upon the amount of compensation awarded, together with reasonable attorney's fees, which attorney's fees and increased compensation shall be due and payable at once. Where the employer had failed to comply with the provisions of § 66 of the act, such failure in itself amounted to a refusal of the employer to so comply. The award was not illegal on the ground that it appeared that the employer did not refuse to comply with the provisions of the act. Where the department, in awarding compensation, assessed such penalties, the award was not error because the department did not find that the employer had not wilfully elected not to comply with the provisions of the act with reference to in-

surance. Code, § 114-603; *Jones* v. *Cochran,* supra; *McCormack* v. *Shadburn,* 42 *Ga. App.* 352 (156 S. E. 277).

It follows that the judge of the superior court did not err in affirming the award of the Department of Industrial Relations.

*Judgment affirmed. Sutton and Felton, JJ., concur.*