28126. McDONALD *v.* SEAY.

DECIDED APRIL 18, 1940.

*Joe M. Ray, Olin Hammock,* for plaintiff in error.
*W. L. Ferguson, McGee & Elliott,* contra.

GUERRY, J. This is a workmen's compensation case. One of the issues submitted to the Industrial Board was whether or not the employer worked ten or more men regularly at the time of the ac-

cident. It was shown by the evidence of the employer himself that he had been engaged in operating a sawmill for eighteen months before the date of the accident. In answer to the question as to how many men he had regularly employed in this business, he answered: "Sometimes I have eight; sometimes I have ten. I have had as high as twelve." In operating the mill he sometimes had eight, sometimes nine or ten, sometimes more. On days when he was running the mill and logging at the same time, he had twelve or more. "We didn't do this much, on account of the lumber business was bad, and we didn't get to do so much work." He logged and sawed at the same time as much as twenty-five or thirty per cent. of the time. The director found against the claimant. This finding was reversed by the board, and compensation was awarded; and this award was approved by the superior court.

Under the Code, § 114-107, an employer does not come within the provisions of the act if he "has regularly in service less than 10 employees in the same business within this State." In *Employers Liability Assurance Corporation* v. *Hunter,* 184 *Ga.* 196, 200 (190 S. E. 598) it was said: "The word 'regularly,' as used in the statute, refers to the question whether the occurrence is or is not in an established mode or plan in the operation of the business, and has no reference to the constancy of the occurrence." The word "regularly" is not synonymous with "constantly" or "continuously." The work may be intermittent and yet regular. Men may be regularly but not continuously employed. The employer in this case testified that it was his custom or plan of operation to work as many as twelve men thirty per cent. of the time, and this time depended on the demand for lumber or on business conditions. His established plan or mode of work was to use more than ten men when business conditions allowed him to sell the output of the mill. The fact that the men were periodically employed, rather than continuously, did not prevent the operation of the act.

In Mobile Liners Inc. *v.* McConnell, 220 Ala. 562 (126 So. 626), it appeared that the employer did not at all times have the minimum number of employees required by the act to make it operative, but did regularly employ more than the minimum number when the business in which it was engaged, to wit, checking cargo loadings when vessels were in port, so required. The necessary number of employees to carry on the operation of its business,

while not continuously employed, were regularly employed. Their employment was periodic, though the space between the periods was not on fixed days but was determined by the needs of the business being conducted. Under a like course of reasoning we think that the finding of the Industrial Board in this case was supported by the evidence. See also *Jones* v. *Cochran, 46 Ga. App.* 360 (167 S. E. 751). The fact that on the day the employee is injured there are less than ten men working will not prevent the operation of the act, if it be shown that under the ordinary course of conducting the business ten or more men are regularly employed as is here defined. Green v. Benedict, 102 Conn. 1 (128 Atl. 20). If the employment of the minimum number of employees continues through a reasonable, definite period, and is not casual or incidental, the act applies although at times less than the minimum number are actually working.

It does not become necessary under this decision to pass on the question whether the General Assembly has amended this section by the act of 1937 (Ga. L. 1937, p. 528). The caption of that act purports to amend the section by striking the figure "ten" in the thirteenth line and substituting therefor the figure "ten," so that "said section as amended shall read as follows:" etc. Then, in the body, the figure "five" is substituted for the figure "ten." This act is found in the supplement to the Code, § 114-107.

On the remaining issues, the evidence, while conflicting, was sufficient to support the award. The court did not err in affirming it.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*