28569.   RUSSELL C. HOUSE TRANSFER CO. *v.* HAMILTON.

DECIDED NOVEMBER 16, 1940.

*J. H. Kennerly, T. E. Whitaker,* for plaintiff in error.
*Venable, Dantone & Fountain, Ben H. Berry,* contra.

STEPHENS, P. J.   Barney Hamilton, on October 16, 1939, filed with the Industrial Board a claim for compensation against Russell C. House Transfer Company. It appeared from the evidence adduced before the director that the claimant, on September 30, 1939, sustained an accidental injury which arose out of and in the course of his employment with the transfer company, and that his employment consisted in loading and unloading moving vans for the

employer. The employer carried no compensation insurance, and at the hearing claimed that it did not have ten employees regularly in service. The evidence adduced before the director tended to show that the employer, a transfer and household-effects moving company, employed in connection with such transfer and moving business less than ten men, except for a period of about eight weeks during the fall and around the first of September of each year, when the volume of the employer's moving business increased on account of the fall moving. The evidence tended to show that during such period of about eight weeks, on account of such increased volume of business, more than ten men were employed in connection with the regular business carried on by the employer. The claimant was injured on September 30, 1939, while he was engaged in loading and unloading moving vans for the employer, and that at that time the employer had ten or more men employed. The director found in favor of the claimant, and awarded compensation, holding that the employer came under the provisions of the compensation act in that it had ten or more employees regularly in service at the time of the accident, and that the accident arose out of and in the course of his employment and therefore was compensable. The employer appealed to the board, where the findings of the director were approved. The employer appealed to the superior court, which affirmed the award of the Industrial Board, and the employer excepted.

It is provided in section 15 of the workmen's compensation act that the provisions thereof "shall not apply . . to any person, firm, or private corporation, including any public-service corporation, that has regularly in service less than ten employees in the same business within this State, unless such employees and their employers voluntarily elect to be bound." Code, § 114-107. Was the finding of the director of the Industrial Board that the employer had regularly in service, on the date of the claimant's accidental injury, ten or more employees, as provided in § 114-107, authorized where it appeared that at the time of the plaintiff's accidental injury, and for several weeks before, the employer had in service ten or more employees, due to the fact that during this period an increased volume of business done by the employer necessitated its having in service more than ten employees in order to carry on the increased business, and that this happened periodically

as the volume of business would increase? Counsel for the employer contend that the situation here involved did not present a case of employment of ten or more employees regularly in the service of the employer, but that there was merely a temporary employment of ten or more employees, due to an unexpected rise or increase in the volume of the business of the employer, and therefore there were not ten or more employees regularly in service at the time of the injury to the claimant. The evidence on which the finding of the director was based tended to show that the employer was engaged in the business of moving household goods, and incidentally thereto in the business of storage of furniture; that each year, about September 1, there is a material increase in the amount of business in this particular line; that a great many people at this season of the year move their residences from one location to another; that the business of the employer accordingly increases around September 1 of each year; that this increased volume of business continues for part of two months every year, and occurs yearly around September 1, and during these periods the employer has in service more than ten men; that at the time of the injury to the claimant, and for several weeks previously the employer had more than ten employees; and that the injury to the claimant, who was injured while he was loading a stove onto a truck or moving van, arose out of and in the course of his employment.

In *Jones* v. *Cochran*, 46 *Ga. App.* 360 (167 S. E. 751), this court held: "The phrase 'regularly in service,' as used in section 15 of the workmen's compensation act, wherein it is provided that the act has no application to an employer that 'has regularly in service less than ten employees in the same business within this State,' has reference to such employment as is more or less permanently adapted to the business of the employer at the particular time, and continues through a reasonably definite period of time and possesses the characteristic as applied to the business of being unvarying in practice, and steady or uniform in course and steadily pursued; and as contradistinguished from an employment that is merely casual or for a particular occasion, and which has not the characteristics of permanency." It was further held: "Where one is engaged in conducting a bakery and selling his product through traveling salesmen, and the volume of the business fluctuates periodically and the number of employees in the business

fluctuates under and above ten, accordingly as the volume of the business demands, and where, during a period when the volume of business and the demand for the product has increased, the employer employs ten or more employees in the conduct of the business, and the services of the employees are necessary to the operation of the business during the period of increased volume, and where, from the nature of the business and the work done by the employees, they are likely to be retained in service for a reasonably definite period of time during which the work for which they are employed will be unvarying and steadily pursued, the employees are 'regularly in service,' and the employer, unless otherwise exempt from the operation of the compensation act during this period, is one who has 'regularly in service' ten employees and is subject to the workmen's compensation act." In *Employers Liability Assurance Cor.* v. *Hunter,* 184 *Ga.* 196, 200 (190 S. E. 598), the Supreme Court held: "Where the act requires that it shall not apply unless a specified number of employees are regularly employed, the word 'regularly,' as used in the statute, refers to the question whether the occurrence is or is not in an established mode or plan in the operation of the business, and has no reference to the constancy of the occurrence. . . 'The word "regularly" is not synonymous with "constancy." There are businesses of importance which employ numbers of men *regularly,* who employ none of them *continuously.* And a number of businesses . . will require a large number of employees, nearly all or a large number of whom are employed only *periodically,* for the reason that the needs of the business require their services only at intervals or periods.'" See *McBrayer* v. *Columbia Casualty Co.,* 44 *Ga. App.* 59 (160 S. E. 556). The present case falls within the ruling made by the court in *Jones* v. *Cochran,* supra, and the finding of fact of the director, approved by the full board and by the superior court on appeal, is not contrary to law for the reason assigned. The judge of the superior court did not err in affirming the award.

*Judgment affirmed. Sutton and Felton, JJ., concur.*