29224. MARTIN *v.* VEAL.

DECIDED FEBRUARY 6, 1942. REHEARING DENIED FEBRUARY 28, 1942.

*E. A. Wright,* for plaintiff in error. *Ellis McClelland,* contra.

FELTON, J. This is a compensation case involving the sole question whether the employer had regularly in his employment enough employees to bring him within the provisions of the workmen's compensation law. The director found that the employer did not come within the provisions of the law. On appeal to the board this finding was reversed, and an award of compensation was made. On appeal to the superior court the award of the board was affirmed, and the exception is to that judgment.

The evidence adduced on the hearing authorized the finding that the employer had in his employment at the time of the injury to the claimant a sufficient number of men to bring him within the provisions of the compensation law, if regularly employed, and that the same condition existed the week before the accident; but the evidence also authorized and demanded the finding that over a period of two years the two weeks in question were the only times such a number of employees had been employed, and this was only temporary. There is no evidence in the record to show that there was any periodic employment of as many as ten men, due to seasonal demands; nor is there any evidence that it was the plan, method, or custom of the employer to employ as many as ten men, nor that as many as ten persons were employed after the accident. Under the facts of this case we think that the evidence was insufficient to justify the holding that the employer had ten or more employees "regularly in service," as that phrase is defined by this court. *Jones* v. *Cochran,* 46 *Ga. App.* 360 (167 S. E. 751); *Russell C. House Transfer Co.* v. *Hamilton,* 63 *Ga. App.* 632 (11 S. E. 2d, 703). The judge erred in affirming the award by the board of compensation to the claimant.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*