34364.   FOWLER *v.* HOLLOWAY, for use, etc.

Decided January 24, 1953.

*Walter E. Taylor Jr., Stone & Stone,* for plaintiff in error.
*Joe M. Ray, Jesse Bowles,* contra.

Townsend, J. (After stating the foregoing facts.) ■ Code (Ann. Supp.) § 114-107 specifies that this title shall not apply "to any persons, firm or private corporation, including any public service corporation, that has regularly in service less than 10 employees in the same business within this State, unless such employees and their employers voluntarily elect to be bound." The employer was not insured, and contended that he had regularly in service less than 10 employees, the remainder being casual labor employed only periodically. The word "regularly" as used in the act is not synonymous with "con-

stantly" or "continuously"; and a sawmill operator who employs ten or more men for periods of time as his business operations require comes under the act, regardless of the fact that such men are periodically rather than constantly employed. *McDonald* v. *Seay,* 62 *Ga. App.* 519, 520 (8 S. E. 2d, 796). Where an employer has had ten or more persons regularly in his employ for more than a month before the death of the employee, he must be considered as coming within the terms of the act. *Elliott Addressing Machine Co.* v. *Howard,* 59 *Ga. App.* 62, 65 (200 S. E. 340). The plaintiff in error here had ten or more men employed on the day of the accident and for more than two months immediately prior thereto, and such increased payroll was normal at two periods in the course of the year. In *Russell C. House Transfer Co.* v. *Hamilton,* 63 *Ga. App.* 632 (11 S. E. 2d, 222), it was held: "An employer who is compelled, regularly each year, for the duration of several weeks, on account of an increase in the volume of business done during that season of the year, to employ 10 or more persons, is, relatively to an employee who, during such period of time, sustains an accidental injury which arose out of and during the course of his employment, subject to the provisions of the Workmen's Compensation Act of this State, as having 'regularly in service' 10 or more employees in the same business within this State." The director of the Board of Workmen's Compensation properly found that the plaintiff in error here was within the terms of the Act.

■ The contention that the deceased employee Holloway was not an employee within the meaning of the act at the time of his death is without merit, in view of the following stipulation of counsel in the record: "We can agree that he was a part-time employee on August 8, 1950, at an average weekly wage of $23.80. He had been working 13 weeks. We will agree to that. He was actually engaged at the time of his death. We agree that this injury produced his death."

■ Nor was a finding demanded that the employee's death resulted from his own wilful misconduct, as contended by the defendant employer. The evidence reveals that Holloway and another employee loaded the lumber on the truck; that it was a heavy load, and as the truck turned a corner the front wheels

came off the ground, showing it to be improperly balanced; that the truck got out of control while descending a mile-long slope and, according to one witness, seemed to be bucking as though it had a flat tire; and that it skidded 115 feet on the right side of the road, 77 feet on the left, and another 129 feet on the right before overturning. The truck was being driven at about 25 or 30 miles an hour, a reasonable speed. From this evidence, a flat tire, or negligence in overloading the truck, or both, appear to have caused the disaster. Mere negligence is not that "conscious or intentional violation of law" which alone must comprise wilful misconduct. See *Aetna Life Ins. Co.* v. *Carroll*, 169 *Ga.* 333 (150 S. E. 208); *Armour & Co.* v. *Little*, 83 *Ga. App.* 762 (64 S. E. 2d, 707); *Liberty Mutual Ins. Co.* v. *Scoggins*, 72 *Ga. App.* 263 (2) (33 S. E. 2d, 534). Accordingly, the director properly found that the claimant was not barred by wilful misconduct on the part of the employee.

The judge of the superior court did not err in affirming the award of the Board of Workmen's Compensation.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*