38109. NEWSOME *v.* LOPER.

TOWNSEND, Judge. The only issue in this workmen's compensation case is whether the employer, who was not insured, had "regularly in service less than 10 employees in the same business within this State" so as to exclude him from the provisions of the act under Code (Ann.) § 114-107.

The employer, who operated a laundry and dry cleaning establishment, testified from pay roll records that he had 9 employees in service the week of the injury; 10 the week previously, one of whom was "laid off" at the end of that week; 9 the week before that, and 10 the week before that. No further effort was made to show whether the employer regularly, seasonally, or periodically, employed 10 or more persons. The claimant testified that there were in addition employed an unnamed truck driver, two persons at Hunter Air Force Base, and a woman whose name she thought might have been Mary. The defendant denied employing such a person, and as to the others testified that they did bring him clothes from time to time for which he paid them a commission, but that they were not employees, did not use his truck or equipment, and he had no control over their activities and did not employ them.

The director hearing the case found that the employer was not subject to the provisions of the act, which ruling was affirmed by the full board and by the judge of the Superior Court of Chatham County. The burden is upon the claimant to establish every fact necessary to uphold an award of compensation, including the jurisdiction of the board. "The fact that on the day the employee is injured there are less than ten men working will not prevent the operation of the act, if it be shown that under the ordinary course of conducting the business ten or more men are regularly employed as is here defined." *McDonald* v. *Seay,* 62 *Ga. App.* 519, 521 (8 S. E. 2d

796). This, however, the claimant failed to do, as there is no testimony that the employer regularly, periodically, or seasonally as a matter of ordinary business operation employed 10 or more persons. See *Employers Liability Assurance Corp.* v. *Hunter,* 184 *Ga.* 196, 200 (190 S. E. 598). In such case the evidence is insufficient to justify the holding that the employer has ten or more employees regularly in service. *Martin* v. *Veal,* 66 *Ga. App.* 702 (18 S. E. 2d 776) and citations. The employer's testimony authorized a finding that the two men at Hunter Air Force base and the man who owned his own truck, although they received commissions for clothes brought in, were not employees and that the employer had no control over them.

Accordingly, the Judge of the Superior Court of Chatham County did not err in affirming the denial of compensation.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 21, 1960.

*Frank W. Seiler,* for plaintiff in error.
*Julius S. Fine,* contra.