### 39923. BARATTA'S ITALIAN RESTAURANT v. MASON.

DECIDED JANUARY 21, 1963.

*E. B. Judge,* for plaintiff in error.
*Alford Wall,* contra.

HALL, Judge. In this case error is assigned on a superior court judgment affirming an award of the State Board of Workmen's Compensation. The appeal to the superior court was on the ground that the evidence before the director and the full board did not support the finding that the employer had regularly in its employ ten or more employees, and this is the question for review by this court.

The evidence shows that, during each of the fourteen weekly pay periods preceding the accident upon which the workmen's compensation claim was made, the employer employed five kitchen employees and either four or five waitresses. It appears from the testimony and the weekly records introduced in evidence that in each of these weeks, there were three full-time waitresses and either one or two part-time waitresses employed. The two part-time waitresses work on call by the employer when needed for extra work or when other employees were absent. In the first four of the fourteen weeks two part-time waitresses were employed, making the total number of employees ten; during the next seven weeks one part-time waitress was employed (except. that in one of these weeks one of the three full-time waitresses was absent the entire week, and one of the part-time waitresses worked full time and the other worked part time), making the total number of employees nine; and during the next three weeks two part-time waitresses were employed, making the total number of employees ten. The dispute is whether

the employer, who did not at all times have ten employees working in its business but intermittently had ten employees working during a week, is within the coverage of the Workmen's Compensation Act, which excludes any employer "that has regularly in service less than ten employees in the same business. . ." *Code Ann.* § 114-107. Georgia and other authorities have held "employees regularly in service" or "persons regularly employed" to mean persons performing work to carry on the ordinary or established custom, mode, or plan in the operation of the business, though the work may be recurrent or intermittent rather than constant or continuous. *Jones v. Cochran,* 46 Ga. App. 360 (167 SE 751); *McDonald v. Seay,* 62 Ga. App. 519, 521 (8 SE2d 796); *Russell C. House Transfer Co. v. Hamilton,* 63 Ga. App. 632 (11 SE2d 703); *Fowler v. Holloway,* 87 Ga. App. 453, 455 (74 SE2d 376); *Employers Liability Assurance Corp. v. Hunter,* 184 Ga. 196, 200 (190 SE 598); Brady v. Reed, 186 Tenn. 556 (212 SW2d 378); Fowler v. Baalmann, 361 Mo. 204 (234 SW2d 11); Wallace v. Wells, 221 Ark. 750 (255 SW2d 970); 1 Larson, Workmen's Compensation Law 769, § 52.20; Ann. 81 ALR 1232; 2 Schneider, Workmen's Compensation, p. 574, § 592. Accordingly, the evidence in this case authorized a finding that the employer had ten employees regularly in service, i.e., working in the ordinary or established mode or plan in the operation of the business.

In *Martin v. Veal,* 66 Ga. App. 702 (18 SE2d 776); *Hale v. Kendrick,* 95 Ga. App. 348 (98 SE2d 65); *Newsome v. Loper,* 101 Ga. App. 90 (112 SE2d 781), all cited by the employer, the evidence did not show that the employer regularly, periodically, seasonally, or repeatedly employed ten or more persons to carry on the ordinary operation of his business. They are therefore not controlling of the present case.

*Judgment affirmed. Carlisle, P. J., and Bell, J., concur.*