46478. FARMERS & MERCHANTS BANK OF MANCHESTER et al. v. RANGER INSURANCE COMPANY.

JORDAN, Presiding Judge. This is an action by the owner and lienholder of an aircraft against an insurer to recover for the loss in a crash on June 27, 1970. The plaintiffs appeals a summary judgment for the insurer.

The facts are stipulated and undisputed. The named insured, John C. Loftin, was operating the aircraft at the time of the loss, and was carrying a passenger. He held a student pilot certificate, and under Federal Aviation Regulation § 61.73 (a) (1), a student pilot may not act as

pilot in command of an aircraft carrying a passenger.

The presence of a passenger had no causal connection with the loss, but the insurer denied coverage on the basis that the policy excluded coverage during a flight with a student pilot in command while carrying a passenger, relying on the following provisions of the policy: "Exclusions. *This policy does not apply:* . . . 2. to any occurrence or to any any loss or damage occurring while the aircraft is operated in flight by other than the pilot or pilots set forth under item 7 of the Declarations; . . . Declarations . . . 7. Pilot clause: Only the following pilot or pilots holding valid and effective pilot and medical certificates with ratings as required by the Federal Aviation Administration for the flight involved will operate the aircraft in flight: *John C. Loftin: Otherwise, any private or commercial pilot having a minimum of 300 total logged hours."*

While § 56-2439 of the Insurance Code (Ga. L. 1968, p. 1414), expressly prohibits the issuing or delivering in this State of an insurance contract covering the loss of an aircraft which excludes or denies coverage because the aircraft is operated in violation of Federal, State, or local civil air regulations, the exceptions as stated in this statute include exclusions or conditions with respect to pilot certification by the FAA, pilot experience, and limitations on the use of the aircraft. In our opinion the contractual provisions here involved are clearly within the exceptions under § 56-2439, not only in relation to pilot certification by FAA and pilot experience, but also as limiting the use of the aircraft by restricting the operation in flight to a pilot or pilots meeting stated qualifications.

We also think the provisions of the policy are clear, and require no construction, to reach the conclusion that the pilot clause as a whole applies to John C. Loftin. He, as well as any private or commercial pilot having 300 total logged hours, was authorized to operate the aircraft in flight, only if he held a valid pilot certificate *"for the flight involved."* The flight here involved was one with a

passenger, not covered by his student pilot certificate, and expressly excluded from the coverage afforded by the policy. See, to the same effect, National Insurance Underwriters v. Bequette, (USDC, Alaska) 280 FSupp. 842.

*Judgment affirmed. Bell, C. J., Hall, P. J., Eberhardt, Pannell, Deen, and Quillian, JJ., concur. Evans, J., dissents. Whitman, J., not participating because of illness.*

ARGUED SEPTEMBER 14, 1971—DECIDED NOVEMBER 23, 1971— REHEARING DENIED DECEMBER 10, 1971—

*Elliott & Turner, Tyron Elliott,* for appellants.

*Gambrell, Russell, Killorin, Wade & Forbes, Edward W. Killorin, Sewell K. Loggins,* for appellee.

EVANS, Judge, dissenting. In 1968 the General Assembly of Georgia amended Chapter 56-24 of the Code (Title 56, Code of 1933, as amended; Ga. L. 1968, pp. 1414, 1415) to add a new section thereto (§ 56-2439), having for its announced purpose the prohibiting of insurers from excluding or denying coverage in insurance contracts "because an aircraft has been operated in violation of Federal, State or local law." Of course, this law would authorize certain specific exclusions or conditions in the policy as to certain matters therein set forth. Section 56-2439 reads as follows: "No policy of insurance issued or delivered in this State covering any loss, expense or liability arising out of the ownership, maintainance or use of an aircraft shall exclude or deny coverage because the aircraft is operated in violation of civil air regulations pursuant to Federal, State or local laws or ordinances.

"This section does not prohibit the use of specific exclusions or conditions in any such policy which relates to any of the following:

"(a) Certification of an aircraft in a stated category by the Federal Aviation Administration.

"(b) Certification of a pilot in a stated category by the Federal Aviation Administration.

"(c) Establishing requirements for pilot experience.

"(d) Establishing limitations on the use of the aircraft."

In complete disregard of this statute, the Ranger Insurance Company, on the 10th day of January, 1970, issued a policy of insurance on an aircraft owned by John C. Loftin with a loss payable clause in favor of Farmers & Merchants Bank of Manchester, Georgia.

It is well settled that a policy of insurance which is written in violation of the laws of Georgia will be construed as if such offensive language were not in the policy, since existing and valid statutory provisions enter into and form a part of all contracts of insurance to which the statute is applicable. *Gulf American Fire &c. Co. v. McNeal,* 115 Ga. App. 286, 292 (154 SE2d 411); *Employers Liability Assurance Corp. v. Hunter,* 184 Ga. 196, 202 (190 SE 598); *Nelson v. Southern Guaranty Ins. Co.,* 221 Ga. 804, 807 (147 SE2d 424). Section 56-2439 was therefore a part of the policy issued on January 10, 1970.

The exclusionary language in the policy which violates the Georgia statute, and which must be completely disregarded in determining the rights of the insured and the insurer, is as follows: "Pilot Clause: Only the following pilot or pilots holding valid and effective pilot and medical certificates *with ratings as required by the Federal Aviation Administration for the flight involved* will operate the aircraft in flight. John C. Loftin: otherwise, any private or commercial pilot having a minimum of 300 total logged hours." (Emphasis supplied).

The majority opinion holds that because the pilot and owner had only a student's license and had a passenger in the plane at the time of the mishap, and that he was thus not complying with Federal regulations, that there is no insurance coverage in this case. To this I cannot agree. This conclusion can be reached only by disregarding the mandate of the Georgia statute of 1968, to wit: *Code Ann.* § 56-2439, supra. Of course, *specific* exclusions were authorized under the law as to pilot experience and use of the aircraft, as well as certificates of a pilot or aircraft in a stated category by the Federal Aviation Administration, but this was not

done here. (See the exact language set forth above). Rather than *specific* exclusions, this policy sought to set forth a *general* exclusion, to wit: "as required by the Federal Aviation Administration for the flight involved," which is a *general,* and not a *special* exclusion, and is a catch-all clause to cover a multitude of sins. The law specifically states this general exclusion will no longer be allowed in aircraft policies. The only way insurance coverage can be disallowed under this policy is by taking the following language from the pilot certificate, "student pilots are prohibited from carrying passengers," and thereby void the policy because Loftin had violated Federal Aviation Administration regulations. This cannot be done under the policy where *specific* exclusions authorized by the 1968 statute (*Code Ann.* § 56-2439, supra) have not been used in the policy, but instead, *general* exclusions, requiring "valid and effective pilot and medical certificate with ratings *as required by the Federal Aviation Administration for the flight involved"* have been inserted in the policy.

I, therefore, dissent because this policy is violative of the above law, and the general exclusionary language in the policy must be completely disregarded in determining the rights of the insured. I would reverse the judgment granting the motion for summary judgment in favor of the defendant Ranger Insurance Company.