## 47969. HARPER et al. v. SMITH.

EVANS, Judge. This is a workmen's compensation case. Clarence G. Smith was injured when a load of logs fell upon him. The Workmen's Compensation Board made a finding that he was disabled therefrom until his death on January 19, 1970, albeit it also determined that death was from an intervening cause, to wit, cancer. Smith was employed by Harper Lumber Co., a partnership composed of John Harper and Willett McDowell.

The administrator of Smith's estate filed a claim for workmen's compensation. Following the findings of fact and the award in favor of the administrator by the deputy director, the employers filed an application for review to the full board—the substance of which was that the employer had regularly in service less than 10 employees in his business in the State of Georgia and therefore was not subject to the Workmen's Compensation Act. The full board amended the findings of fact and amended the award, but generally followed the findings of the deputy director.

Thereafter, the employers appealed to the superior court which, after hearing, affirmed the full board. The employers appeal. *Held:*

1. Where one is employed generally to perform certain services for another, and there is no specific contract to perform certain work according to specifications for an established firm, it is inferable that the employer has retained the right to control the manner, method and means of the performance of the contract; and the employee is not an independent contractor. See *Travelers Ins. Co. v. Moates,* 102 Ga. App. 778, 781 (117 SE2d 924) and cits.

2. The employers contend that the evidence is insufficient to show 10 or more employees were regularly in service so as to bring the employer under the Workmen's Compensation Act. They contend that the business required only nine men in service at any one time, and although they employed more than nine from time to time, due to absences, etc., only nine actually worked at any one time. They also contend one of the alleged employees is in fact an independent contractor, but the board has heard the evidence and held adversely to the employers on this question

The evidence here was sufficient to support the finding that ten or more were regularly employed, and the employer was within the Act. See Code Ann. § 114-107; *Baratta's Italian Restaurant v. Mason,* 107 Ga. App. 240 (129 SE2d 578).

3. This case differs on its facts from *Martin v. Veal,* 66 Ga. App. 702 (18 SE2d 776), in that the time records here show that there were 10 or more persons regularly employed. See *McDonald v. Seay,* 62 Ga. App. 519 (8 SE2d 796). While the defendant Harper testified that even though the time book showed 10 men at times, this was due to the fact that Clarence Smith was kept on the payroll after his injury and while he was not working. This evidence is sufficient to authorize a

finding that there were 10 regularly employed persons, even though the employers contend Smith was kept on the payroll for the purpose of paying his personal bills. In addition, there was other evidence showing 10 or more regular employees.

4. The evidence was sufficient to support the findings of the deputy director, the full board and the superior court; and accordingly, the judgment must be affirmed.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

SUBMITTED MARCH 6, 1973—DECIDED APRIL 3, 1973.

*Phillip Sheffield,* for appellants.
*Burt, Burt & Rentz, Chas. W. Hill,* for appellee.

