## 64341. FOWLER v. GILMER COUNTY COMMISSIONERS OF ROADS & REVENUES et al.
## 64342. WHITAKER v. FOWLER.

QUILLIAN, Chief Judge.

A discretionary appeal was granted to consider the issue of whether an inmate of a county correctional facility could be an employee within the meaning of the Workers'. Compensation Act where the inmate worked for a private individual to whom he was "loaned" by the county authorities.

The main appeal (64341) by the claimant was taken from the judgment of the trial court which reversed the decision by the Board of Workers' Compensation to award the claimant benefits. The cross appeal (64342) concerns only the question of whether a certain holding by the trial judge in arriving at his decision was erroneous. We consider first the main appeal. *Held:*

1. The trial judge in reversing the award of compensation by the Full Board gave two reasons why there could be no recovery by the inmate: "injuries to prisoners under circumstances such as these, are not compensable under the Act since an employer/employee. relationship is . not created; and even if such a relationship did exist there was no evidence upon which to base a finding that the employer had three or more employees regularly in service."

Since an examination of the record reveals that the trial judge correctly determined that evidence was lacking as to the alleged employer's having three or more employees "regularly in service in the same business," (see Code Ann. § 114-107 (Code § 114-107, as amended through Ga. L. 1975, pp. 190, 193)), the judgment must be affirmed on that ground.

Counsel for claimant has argued that in interpretation of the evidence the claimant is entitled to the presumption favoring compensability since the employer failed to timely file a form No. WC3 controverting the claim.

Code Ann. § 114-705 (d) (Code § 114-705, as amended through Ga. L. 1978, pp. 2220, 2227) reads in part: "If the employer controverts the right to compensation, it shall file with the board on or before the 21st day after knowledge of the alleged injury or death, a notice in accordance with the form prescribed by the board stating that the right of compensation is controverted, . . ." In light of this Code section, the Rules and Regulations of the Board of Workers' Compensation provides under Rule 705 (d) "To controvert in whole or in part the right to income benefits or other compensation, use Form No. WC3. If Form No. WC3 is not filed on or before the 21st day after knowledge of the injury or death, the accident will be presumed to be compensable, subject to rebuttal."

In construing this rule it seems clear that where as here the purported employer has no express knowledge that a claim is brought against him in his individual capacity and when so apprised does controvert the basic fact that he *is or was* an employer of the alleged employee, then he need not file the form nor would he be subject to an adverse presumption from his failure to file such form. Instead, the general rule as set forth in *Sanders Truck &c. Co. v. Napier,* 117 Ga. App. 561 (161 SE2d 440) would be applicable: "The burden of showing the employer-employee relationship and of showing that the employer was subject to the provisions of the Act by virtue of having the requisite number of employees or that he had voluntarily accepted its provisions rests upon the claimant."

We make this ruling as to the burden remaining on the claimant for the further reason that, on direct attack questioning the validity of the rule 705 (d) presumption, this court held such rule to be invalid and that "Code Ann. § 114-705 does not estop the employer/insurer from raising defenses to controvert a claim." *Holt Service Co. v. Modlin,* 163 Ga. App. 283, 286 (293 SE2d 741) (certiorari pending).

At the time when our laws contained an exemption from the Workers' Compensation laws where an employer had less than 10 employees this court held: "The fact that on the day the employee is

injured there are less than ten men working will not prevent the operation of the act, if it be shown that under the ordinary course of conducting the business ten or more men are regularly employed as is here defined. Green v. Benedict, 102 Conn. 1 (128 Atl. 20). If the employment of the minimum number of employees continues through a reasonable, definite period, and is not casual or incidental, the act applies although at times less than the minimum number are actually working." *McDonald v. Seay,* 62 Ga. App. 519, 521 (8 SE2d 796). Accord, *Newsome v. Loper,* 101 Ga. App. 90 (112 SE2d 781). However, the fact that an employer over a period of time employs a total equaling or exceeding the requisite number of employees does not bring the employer within the act. He comes within the act only if he has "regularly in service" the requisite number at any one time. *Hale v. Kendrick,* 95 Ga. App. 348 (98 SE2d 65). Compare *Baratta's Italian Restaurant v. Mason,* 107 Ga. App. 240 (129 SE2d 578).

The evidence in this case showed that the purported employer may have had as many as six people working for him but failed to establish their status as employees rather than independent contractors or that as part of the work routine three or more were "regularly in service in the same business" at any one time. See *Newsome v. Loper,* 101 Ga. App. 90, supra.

The judgment on the main appeal is therefore affirmed.

2. In view of the ruling on the main appeal, the issue in the cross-appeal is moot.

*Judgment in 64341 affirmed; appeal in 64342 dismissed. Shulman, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 13, 1982 —
REHEARING DENIED OCTOBER 19, 1982 — 

*Michael R. Eddings,* for Fowler.
*David Whittenburg,* for Gilmer County Commissioners et al. and Whitaker.