75426. HOPKINS v. MARTIN.
(365 SE2d 544)

CARLEY, Judge.
Appellee fell while working as a roofer. As a result of his injuries, appellee filed a claim for workers' compensation wherein he asserted

that either appellant or another individual was his employer. Appellee's claim came on for a hearing before an administrative law judge (ALJ) and the parties stipulated that the only issues to be determined were the identity of appellee's employer and whether appellee and his employer "came under the [A]ct." The ALJ made an award in favor of appellee and against appellant as his employer. Upon its de novo review, the Full Board made the ALJ's award its own. Appellant's appeal to the superior court resulted in an affirmance of the Full Board's award. Appellant applied to this court for permission to file a discretionary appeal from the order of superior court affirming the award of the Full Board. This appeal results from the grant of appellant's application.

The finding that appellant was an employer of appellee at the time the injury occurred is supported by the evidence. " 'A finding of fact by . . . the State Board of [Workers'] Compensation, when supported by any evidence, is conclusive and binding upon the court, and . . .' [Cit.] '[n]either the superior court nor the Court of Appeals has any authority to substitute itself as the fact finding body in lieu of the board.' [Cit.]" *Monticello Mfg. Co. v. Tillman*, 166 Ga. App. 385, 386 (304 SE2d 740) (1983). See also *Firestone Tire &c. Co. v. Crawford*, 177 Ga. App. 242 (2) (339 SE2d 292) (1985).

However, appellant's mere status as an employer of appellee is not determinative of appellant's liability to appellee for workers' compensation. See OCGA § 34-9-2 (a), which provides, in part, that our Workers' Compensation Act does not "apply to employees whose employment is not in the usual course of trade, business, occupation, or profession of the employer or not incidental thereto; . . . nor to employers of such employees; nor to any person, firm, or private corporation, including any public service corporation, that has regularly in service less than three employees in the same business within this state unless such employees and their employers voluntarily elect to be bound. . . ." The ALJ's findings of fact, as adopted by the Full Board, state in pertinent part: "I find that the men working on the roof were employees of [appellant]. That is the only issue involved in this case. . . ." This was erroneous. Appellant had stipulated that the issue of whether appellee's employer "came under the [A]ct" was also to be resolved and appellant had contested the applicability of the Act pursuant to the provisions of OCGA § 34-9-2 (a). In the absence of a stipulation, "[t]he burden is upon the claimant to establish every fact necessary to uphold an award of compensation, including the jurisdiction of the board." *Newsome v. Loper*, 101 Ga. App. 90 (112 SE2d 781) (1960). See also *Fowler v. Gilmer County Commrs. of Roads & Revenues*, 164 Ga. App. 1 (1) (294 SE2d 708) (1982). " 'The findings of fact in the present case are insufficient and incomplete, and the award of the [Full Board] was not authorized by the findings

of fact made and the judge of the superior court erred in affirming it on appeal. It is ordered that the case be recommitted to the State Board of [Workers'] Compensation in order that proper findings of fact may be made on the issues involved.' [Cit.]" *United States Fire Ins. Co. v. Phillips*, 120 Ga. App. 51, 53 (3) (169 SE2d 665) (1969). See also *General Motors Corp. v. Peeples*, 138 Ga. App. 705 (227 SE2d 472) (1976).

*Judgment reversed with direction. Banke, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 8, 1988.

*Larry N. Hollington*, for appellant.
*Jack E. Boone, Jr., Victor C. Hawk*, for appellee.