**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 26, 2016**

# In the Court of Appeals of Georgia

A16A1328. WILLS d/b/a WILLS CONSTRUCTION v. CLAY COUNTY et al.

BARNES, Presiding Judge.

Bobby Wills appeals from the order of the superior court affirming the award of the Georgia Board of Worker's Compensation, which granted Johnnie Brown's claim for benefits because of an injury he suffered while under Wills' employ. For the reasons that follow, we affirm.

"Upon appeal from an award of the State Board of [Workers'] Compensation granting compensation, evidence will be construed in a light most favorable to the party prevailing before the board." *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408, 410 (2) (224 SE2d 65) (1975). "It is axiomatic that the findings of the State Board of Workers' Compensation, when supported by any evidence, are conclusive and binding." *Chambers v. Monroe County Bd. of Comm'rs*, 328 Ga. App. 403, 404 (762 SE2d 133) (2014).

So viewed, the evidence shows that Wills bid on a construction project to renovate a community gymnasium for Clay County. When Clay County accepted Wills' bid for the construction project, they asked him to sign a contract that memorialized the details of their agreement. The contract included a provision in Article 17 that required Wills to supply his additional workers with workers' compensation insurance. However, before signing the contract, Wills told the county that the law did not require him to have the insurance, and the Article was removed from the contract.

To complete the project, Wills hired the claimant Brown and two other men. Wills and Brown had a previous working relationship for six to seven years before this project and Wills would usually reach out to Brown first when hired for a new project. Wills would pay Brown in cash and they had an unwritten agreement that if anyone got hurt on a job, that person would be responsible for his own medical bills. During the project for Clay County, Brown slipped off the roof and injured his leg, which affected his ability to return to work.

Brown filed a claim against Wills and Clay County, as the statutory employer, with the Georgia Board of Workers' Compensation. The Board granted Brown's claim against Wills but denied his claim against the county, finding that the county

was not a statutory employer. Brown appealed the award to the Appellate Division of the Board and Wills filed a cross appeal. The Appellate Division affirmed the Board's initial finding, and the superior court thereafter affirmed under the any evidence standard.

1. Wills contends that the superior court erred in affirming the Appellate Division's finding that he had at least three employees regularly in service, which subjected him to the provisions of the Workers' Compensation Act. We disagree.

OCGA § 34-9-2 (a) (2) reads in pertinent part, "[t]his chapter shall not apply to ... any person, firm, or private corporation, including any public service corporation, that has regularly in service less than three employees in the same business within this state, unless such employees and employers voluntarily elect to be bound." Wills argues that although he had three additional people for the county job, these employees were not "regularly in service." The burden of showing that the employer has the requisite number of employees to be subject to the Act rests upon the claimant. *Goolsby v. Wilson*, 150 Ga. App. 611, 612 (1) (258 SE2d 216) (1979).

The phrase "regularly in service" "has reference to such employment as is more or less permanently adapted to the business of the employer at the particular time, and continues through a reasonably definite period of time and possesses the

3

characteristics as applied to the business of being unvarying in practice." *Jones v. Cochran*, 46 Ga. App. 360 (167 SE 751) (1933) (holding a bakery business that hired the requisite amount of people only certain times of the year was subject to the Workers' Compensation Act). Additionally,

> [t]he word "regularly," as used in the statute, refers to the question whether the occurrence is or is not an established mode or plan of in the operation of the business and has no reference to the constancy of the occurrence. The word "regularly" is not synonymous with "constantly" or "continuously." The work may be intermittent and yet regular.

*McDonald v. Seay*, 62 Ga. App. 519, 520 (8 SE2d 796) (1940) (finding that an employer who admitted to hiring the requisite number of employees 30 percent of the time was subject to the Act).

At the hearing, Brown testified that he and Wills have worked with an additional person about two to three times a year and Wills testified that near the time of the county job, he had two other jobs for which he had hired three to four employees. We have held that an employer is subject to the Workers' Compensation Act if the volume of the business increases such that an employer needs to hire more people, and such that the employees were likely to be retained for a reasonably definite amount of time, during which the work they were employed for was

4

unvarying and steadily pursued. *Jones*, 46 Ga. App. at 360. Wills was in the practice of hiring additional employees when a construction project required it.

Viewing the evidence in the light most favorable to Brown, we find no error in the superior court's order affirming the decision of the Appellate Division, which found that Wills employed three employees regularly and thus, was subject to the Worker's Compensation Act. *Cox v. Advoni*, 222 Ga. App. 413, 414 (474 SE2d 290) (1996).

2. Wills also contends that the superior court erred in affirming the Appellate Division's finding that Clay County was not a statutory employer pursuant to OCGA § 34-9-8 (d).[1] We find no error.

OCGA § 34-9-8 (a) lists the entities that may be considered statutory employers subject to the Workers' Compensation Act, which are a principal contractor, an intermediate contractor, and a subcontractor. Typically, "[o]wners or entities merely in possession or control of the premises would not be subject to workers' compensation liability as statutory employers, except in the isolated situation where the party also serves as a contractor for yet another entity and hires another contractor

---

[1]Clay County's motion to strike this enumeration of error is denied.

5

to perform the work on the premises." *Creeden v. Fuentes*, 296 Ga. App. 96, 99 (1) (673 SE2d 611) (2009) (Citation and punctuation omitted).

"In ordinary meaning and common usage, therefore, an *owner* who undertakes to execute work or complete a project under his own general supervision, contracting with others for specialized services, is not a 'principal contractor.'" *Yoho v. Ringier of America, Inc.*, 263 Ga. 338, 342 (434 SE2d 57) (1993) (citation and punctuation omitted). Therefore, an owner or entity in control of the property is not subject to the Act unless "the party also serves as a contractor for yet another entity and hires another contractor to perform the work on the premises." Id at 340. This is not the case in the present action.

Clay County owned the gymnasium where Brown was injured, but did not have control over Wills' construction project or the management of his employees. Wills and the county discussed some of the details of the project under the initial contract, including payment and supplies, but then the county stepped back and Wills undertook to execute the contract. The county had no direct control over Wills' employees, and the superior court did not err in affirming the Appellate Division's determination that the county was not a statutory employer.

3. Lastly, Wills contends that the superior court erred in affirming the Appellate Division's finding that he willfully failed to obtain workers' compensation coverage and assessing a penalty and attorney fees against him.

OCGA § 13-9-121 requires an employer liable under the Act to secure and maintain insurance against its liability to pay benefits to injured employees, or to provide sufficient financial information for the Board to determine the employer's ability to self-pay. OCGA § 34-9-126 (b) provides that if an employer who is subject Act "refuses or willfully neglects" to file evidence with the board showing his compliance with OCGA § 13-9-121, the Board may assess an additional 10 percent compensation to a claimant and "shall also fix a reasonable attorney's fee to be paid by the employer to the representative of the employee."

In the present case, Wills argues that he should not be assessed a penalty and attorney fees because the law did not require him to be insured and therefore he did not "willfully fail" to obtain insurance. As discussed supra, in Division 1, however, the superior court did not err in affirming the Appellate Division's conclusion that Wills was subject to the Worker's Compensation Act. Unlike the attorney fee provision of OCGA § 34-9-108 (b), under which the Board may assess fees upon making a determination that a claim was brought or defended against unreasonably,

7

OCGA § 34-9-126 (b) makes mandatory an award of attorney fees for failure to obtain coverage. Accordingly, we find no error in the superior court's affirmance of the attorney fee award against Wills.

The statute also grants the Board discretion on whether to award penalties. OCGA § 34-9-126 (b). Some evidence supports the Board's factual finding that Wills knew he would need three workers besides himself to complete the job but told the county he was not required to obtain coverage under the Act. Therefore, the superior court also did not err in affirming the Board's conclusion that Wills willfully violated the Act by failing to maintain coverage and in the assessment of a penalty and attorney fees.

*Judgment affirmed. Boggs and Rickman, JJ., concur*.