STATE, EX REL. ELEANOR A. OLESON, APPELLANT, V. BEN F. GRAUNKE, COUNTY TREASURER, ET AL., APPELLEES.

FILED FEBRUARY 28, 1930.   No. 27334.

*A. R. Oleson,* for appellant.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and DAY, JJ., and MESSMORE, District Judge.

GOOD, J.

Relator, a young woman under 16 years of age, sought a peremptory writ of mandamus to compel the county treasurer of Cuming county and the secretary of the department of public works of the state of Nebraska to issue to her an automobile driver's license. The trial court denied the writ, and relator appeals.

The appeal involves a proper interpretation of section 5, ch. 148, Laws 1929, which is as follows: "If the application to operate a motor vehicle required by this act discloses that the applicant for such license suffers from a physical defect or defects of a character which may affect the safety of operation by such applicant of a motor vehicle, the examiner may require such applicant to show cause why such license should be granted, and may require such applicant through personal examination and demonstration as may be prescribed by the department of public works to show the necessary ability to safely operate a motor vehicle on the public highways; and if the examiner be satisfied, after such demonstration, that such applicant has the ability to safely operate such motor vehicle, a license may be issued to the applicant, subject, however, to a limitation to operate only such motor vehicles as the license shall designate at the discretion of the department of public works. No license shall, under any circumstances, be issued to any person who has not attained the age of full sixteen (16) years: Provided, however, that prior to January 1, 1930, licenses shall be granted without examination to all applicants as a matter of course, who have driven an automobile for more than six months prior to the date of application, and who shall so state in said application."

The record discloses that relator is a competent driver and had driven an automobile for a period of more than six months prior to the time of making application for a license. She contends that, under the proviso of section 5, she is entitled to a driver's license as a matter of course. We do not think the contention is sound.

Section 8391, Comp. St. 1922, which has been in force

for many years, makes it unlawful for any person, under 16 years of age, to operate a motor vehicle upon the highway. The legislature of 1929 was of course familiar with that statutory provision. It seems incredible that the legislature would authorize the issuance of a license for any person to do an unlawful act. Moreover, said section 5 specifically provides: "No license shall, under any circumstances, be issued to any person who has not attained the age of full sixteen (16) years." In view of this specific provision and the then existing legislation, making it unlawful for any person under 16 years of age to operate a motor vehicle upon the highways, it seems clear that the proviso in section 5 was intended to relate to the taking of the examination, and other matters, in the earlier part of the section, and was not intended to authorize the issuance of a license to any one under 16 years of age.

Relator contends that because she had, in previous years, been granted an owner's automobile license she was entitled to a driver's license, so that she, herself, might operate her car, and that to deprive her of a driver's license is in violation of the Fourteenth Amendment to the Constitution of the United States and violative of the Constitution of Nebraska, in that it deprives her of her property without due process of law.

The refusal of a driver's license does not operate to deprive relator of her automobile. She may sell the vehicle or permit its use by any one who is authorized by law to drive it upon the highway. The act, however, restricts driving of the car on the highways to those who possess a driver's license.

In the exercise of its police power, the state, by appropriate legislation, may control and regulate the manner in which motor vehicles may be operated, and may prescribe reasonable limitations as to the classes of persons that may operate them. A motor vehicle, while not in use, is a harmless instrument, but when put in operation upon the highway it may become, in the hands of the incompetent or inexperienced, a danger and menace to the public. We

think no one will contend that it would be an improper exercise of the police power to prohibit persons under 10 years of age, or those whose sense of hearing or sight is seriously defective, from operating a motor vehicle. The question is whether the classification is reasonable. It is quite possible that some persons under the age of 16 years are more apt than others in learning to operate motor vehicles, and perhaps more apt than many adults, but the fact remains that, as a class, they have not, at that age, attained the discretion and judgment which would make it safe for them to operate motor vehicles upon the highway. The line must be drawn somewhere, and the only question is whether the legislature acted arbitrarily or reasonably in drawing the line at 16 years of age.

We are of the opinion that the limit of 16 years is not arbitrary but is a reasonable exercise of the police power, and that the act, restricting automobile drivers to persons over 16 years of age, is not violative of either the state or federal Constitutions, which forbid the taking of private property without due process.

The record is free from error, and the judgment is

AFFIRMED.