# Wytheville

## HOLLAND SUPPLY CORPORATION v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

June 11, 1936.

Present, Holt, Hudgins, Gregory, Chinn and Eggleston, JJ.

The opinion states the case.

*Thomas L. Woodward,* for the plaintiff in error.

*Rixey & Rixey* and *C. C. Sharp,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

This writ of error brings before this court for construction, a provision in an automobile indemnity insurance policy, reading:

"(1) RISKS NOT ASSUMED BY THE COMPANY.

"The company shall not be liable, and no liability or obligation of any kind shall attach to the company for losses or damage;
*     *     *     *     *     *     *     *     *
"(E) Caused while the said automobile is being driven or operated by any person whatsoever * * * violating any law or ordinance as to age or driving license, * * *."

The Holland Supply Corporation purchased from defendant an indemnity insurance contract covering a Chevrolet truck owned by it. On May 8, 1934, this truck, while operated by Reuben Warren, a servant of plaintiff, struck and injured Edward Reid, who later instituted an action against the Holland Supply Corporation to recover $2,500 for personal injuries caused by the impact. State Farm Mutual Automobile Insurance Company, after receiving due and timely notice of the accident, declined to defend the action on the ground that at the time Edward Reid was injured, Reuben Warren, the driver, had not obtained a driving license or permit from the Motor Vehicle Commissioner. Holland Supply Corporation employed its own attorney, and in the trial was acquitted of any actionable negligence. It then instituted this action to recover $300, the amount of attorney fee incurred in defending the claim of Edward Reid. Upon an agreed statement of

facts the trial court held that the insurance company was not liable for the amount of attorney fee, and entered judgment for defendant.

The question presented is whether the trial court was correct in holding that there could be no recovery under the policy for expenses incurred in defending a claim for damages inflicted by the truck while it was being operated by a driver, in violation of law as to driving license.

The last paragraph of the agreed statement of facts reads thus; "Reuben Warren is thirty years old and at the time of the accident had worked for plaintiff, Holland Supply Corporation, off and on for about five years. His regular duties were to do labor around plaintiff's warehouse. The plaintiff had another employee whose regular duties were to drive the truck, which was the only truck owned by the plaintiff. On occasions when the regular driver was sick or not available for any reason, Reuben Warren was entrusted by the plaintiff with the driving, which was the situation at the time of the accident. Reuben Warren had been driving automobiles and trucks for at least twelve years and was a competent driver. In the action of *Edward Reid* v. *Holland Supply Corporation,* Reuben Warren's competency as a driver was not questioned, either in the pleadings or the evidence, nor was his failure to have a chauffeur's permit questioned or asserted as an act of negligence."

Plaintiff contends that recovery on the policy should be permitted on three grounds: (1) That the failure of Reuben Warren to obtain a driving license was not a defense, because it was not the proximate cause of the accident and injury to Edward Reid; (2) That even if the exclusion clause in the policy relieves the insurance company of liability for loss or damages suffered by Edward Reid, the $300 attorney fee expended by the insured in the defense of a groundless action is recoverable under the service clause of the policy, and (3) the 1934 Amendment to Code section 4326a expressly "outlawed" the exclusion provision of the policy.

In support of the first contention plaintiff cites and relies upon *Maryland Casualty Co. v. Hoge*, 153 Va. 204, 149 S. E. 448. The decision of this case turned not on the provisions excluding coverage, but on the omnibus provision in the policy extending coverage to persons not the owner, and operating the automobile insured with the owner's permission. The pertinent facts of this omnibus provision read: "The insurance provided by this policy is hereby made available, in the same manner and under the same conditions as it is available to the named assured, to any person operating * * *, any of the automobiles described in the statements, provided the use and operation thereof are lawful and with the permission of the named assured."

The facts were, that William Cecil Hoge, for personal injuries, recovered a judgment for $10,000 against Katherine Norwood. Execution was returned "no effects." The judgment creditor instituted an action against the Maryland Casualty Company to recover the amount of the judgment on the insurance policy issued to R. L. Norwood. One of the grounds on which the company resisted payment was that at the time of the injury to plaintiff, Katherine Norwood, without a permit, and in violation of the city ordinance, was driving on the streets of Roanoke, a car covered by the liability policy, and that this use and operation was unlawful, and in violation of the provision of the policy quoted above. From the opinion in the case, it is inferred that no examination of Mrs. Norwood was required to entitle her to a permit from the city authorities. It is stated in the opinion that the ordinance requiring a permit only applied to residents of the city, and was restricted in application to the corporate limits of the municipality.

Such general provisions purporting to exempt insurance companies from liability as that under consideration in the *Hoge Case*, have been held invalid, or rather not applicable to the particular facts in numerous cases cited and relied upon by plaintiff. See *McMahon* v. *Pearlman,*

242 Mass. 367, 136 N. E. 154, 23 A. L. R. 1467; *Messersmith v. American Fidelity Company,* 232 N. Y. 161, 133 N. E. 432, 19 A. L. R. 876; *Rowe v. United Commercial Travelers' Ass'n,* 186 Iowa 454, 172 N. W. 454, 4 A. L. R. 1235; *Hossley v. Union Indem. Co.,* 137 Miss. 537, 102 So. 561; *Ferry v. Nat'l Motor Underwriters,* 244 Ill. App. 241; *Fireman's Fund Ins. Co. v. Haley,* 129 Miss. 525, 92 So. 635, 23 A. L. R. 1470.

In several of these, and other cases, the courts have used expressions to the effect that in order for the provisions to be applicable, the defendant must prove a causal connection between the specific act alleged in violation of law, and the injury. However, if the proximate cause of the accident resulting in injury is the unlawful act of the operator in violating one or more of the traffic laws, which are now criminal offenses, is the sole test to defeat recovery by the assured, then indemnity insurance on motor vehicles is a myth and a delusion, or in the words of Mr. Justice Cardozo: "To restrict insurance to cases where liability is incurred without fault of the insured would reduce indemnity to a shadow." *Messersmith v. American Fidelity Company, supra.* This test, as the sole criterion, must be rejected. To apply it in every case would defeat the very purpose that the contracting parties had in mind when the contract was executed.

This action is not based upon tort, in which one of the determinate factors is proximate cause, but upon contract. This contract does not purport to cover all operations of the truck insured. There are several operations which are expressly excluded; namely, (1) While the truck is being operated by a person violating any law as to age, or under fourteen years of age in any event; (2) While the truck is being operated by any person in violation of law as to driving license.

A truck, like a passenger automobile, while not in itself dangerous, is a source of potential danger to its occupants and other users of the highway when operated by an unskillful driver. When operated by a minor under four-

teen years of age the risk of injury to others is ordinarily much greater than when driven by a normal adult, hence the parties have agreed in the contract that the policy should not cover this enhanced risk. The premiums paid for insurance are, in a large measure, based upon the fact that the policy does not cover certain more hazardous risks.

While it seems that this particular provision, excluding coverage of the motor vehicle when operated by a minor under the minimum age fixed by law, in an indemnity insurance policy, has never been applied by this court, it has been upheld in a number of other jurisdictions.

In *State ex rel. Oleson* v. *Graunke, County Treasurer, et al.,* 119 Neb. 440, 229 N. W. 329, 330, this is said: "It is quite possible that some persons under the age of sixteen years are more apt than others in learning to operate motor vehicles, and perhaps more apt than many adults, but the fact remains that, as a class they have not, at that age, attained the discretion and judgment which would make it safe for them to operate motor vehicles upon the highway. The line must be drawn somewhere, and the only question is whether the legislature acted arbitrarily or reasonably in drawing the line at sixteen years of age.

"We are of the opinion that the limit of sixteen years is not arbitrary, but is a reasonable exercise of the police power, and that the act restricting automobile drivers to persons over sixteen years of age is not violative of either the State or Federal Constitutions, which forbid the taking of private property without due process." *Miller Mfg. Co.* v. *Aetna Life Ins. Co.,* 150 Va. 495, 143 S. E. 747.

In *Messersmith* v. *American Fidelity Co., supra,* the injuries were inflicted while the automobile was being driven by a minor under the age of eighteen years. The insurance company defended on the ground that it was a violation of the highway law of New York for a minor under that age to operate an automobile. The policy fixed no age limit. Recovery was allowed.

In *Morrison* v. *Royal Indemnity Co.,* 180 App. Div. 709,

167 N. Y. S. 732, 733, the policy expressly provided that the company should not be liable for "injuries caused in whole or in part by an automobile while being driven or manipulated by any person in violation of law as to age." It was established that at the time of the injury, the insured automobile was being driven by a minor under the age of eighteen years, in violation of the highway law of that State. Recovery on the policy was denied.

In *Weiss* v. *Preferred Accident Insurance Co.*, 149 Misc. 911, 268 N. Y. S. 275, 276, it was held that an automobile indemnity policy excluding the car from coverage while it was operated by any person in violation of law as to age, did not cover the operation of the car by a minor seventeen years of age, in the State wherein the accident occurred, though it did cover the operation of the car by the driver in the State where the policy was issued and where the minimum age was sixteen years. The court said: "As between the driver who elects to drive in a State where he is prohibited and the company who cannot control his election except through the coverage clause, the clause must be resolved in favor of the company."

In *United States Fidelity & Guaranty Co.* v. *Guenther*, 281 U. S. 34, 50 S. Ct. 165, 166, 74 L. Ed. 683, 72 A. L. R. 1064, a minor seventeen years of age, while driving an automobile on the streets of the city of Lakewood, Ohio, collided with, and inflicted personal injuries upon a third party. There was in force an ordinance which made it "unlawful for any owner, bailee, lessee or custodian of any motor vehicle to permit a minor under the age of eighteen years to operate * * * said motor vehicle upon the public highways, streets or alleys of said city of Lakewood." No statute of the State of Ohio made unlawful the operation of automobiles by minors over sixteen years of age. The injured person sued the owner and recovered judgment. The owner brought an action against the insurance company to recover loss and expenses incurred by him in the personal injury action. Mr. Justice Sanford, speaking for the court, said: "The sole question pre-

sented here is whether, under the terms of the policy, liability of the company was excluded by reason of the municipal ordinance.

"We think that within the plain meaning of the policy the operator of the automobile was 'under the age limit fixed' by the ordinance. True it is that the ordinance does not fix a general age limit for operators of automobiles. But as the ordinance makes it unlawful for the owner of an automobile to permit a minor under eighteen years of age to operate it, to say that when the owner permits a minor only seventeen years of age to operate it the operator is not 'under the age limit fixed' by the ordinance, would be merely sticking in the bark.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

"We find no ambiguity in the phrase 'under the age limit fixed by law' contained in the exclusion clause of the policy; and think that by reason of the ordinance, liability on the part of the company is precluded."

See also, *Phoenix Indemnity Co.* v. *Barrett*, 167 Tenn. 116, 67 S. W. (2d) 135; *Cullen* v. *Travelers' Ins. Co.*, 214 Wis. 467, 253 N. W. 382; *Mannheimer Bros.* v. *Kansas Casualty & Surety Co.*, 147 Minn. 350, 180 N. W. 229; *Maryland Casualty Co.* v. *Friedman* (C. C. A.), 45 F. (2d) 369; *Aetna Life Ins. Co.* v. *Tyler Box, etc., Co.* (Tex. Civ. App.), 149 S. W. 283; *Royal Indemnity Co.* v. *Schwartz*, (Tex. Civ. App.), 172 S. W. 581. Other cases are annotated in 72 A. L. R. 1070.

This clause in the policy does nothing more than the legislature has done, i. e., it draws a distinction between the hazards noted and excludes from coverage the operation of automobiles where legislation has prohibited such minors from operating them.

*Maryland Casualty Co.* v. *Hoge, supra,* was decided September 19, 1929. In 1932 the General Assembly amended the Motor Vehicle Act making it a misdemeanor for any person, with certain exceptions not pertinent to this inquiry, to drive a motor vehicle upon the highways of this State unless such person has obtained an operator's or

chauffeur's license. Acts of 1932, ch. 385, page 775. 1932 Code Supplement, sections 2154 (170)-2154 (203). Under this act the Motor Vehicle Commissioner is required to examine each "applicant as to his physical and mental qualifications and his ability to operate a motor vehicle in such manner as not to jeopardize the safety of persons or property," (section 2154 (179)) and to grant or withhold the issuance of licenses accordingly. There are five classes of persons who are in express terms prohibited from obtaining a license or permit: (1) No person under sixteen years, with certain provisos; (2) No person who has had his license or permit revoked, under the provisions of the act, until the expiration of one year; (3) No person who has been ascertained to be a habitual drunkard or addicted to the use of narcotic drugs; (4) No person who has been adjudged insane or an idiot, imbecile, etc.; (5) No person who is so afflicted physically or mentally that he is unable to exercise reasonable and ordinary control over motor vehicles, or who is unable to understand highway warnings and direction signs.

All persons who fail to pass the examination, as well as those who fail to make an application, are denied the right to operate a motor vehicle upon the highways. The insurance company, by this exclusion clause in the policy, has adopted the identical classifications made by the legislature; that is, regardless of the ability of the person to operate a motor vehicle, if such person has not obtained a driving license or permit, no damage inflicted by the truck, while it is being operated by such person, is covered. The question to be determined is not whether the policy is desirable, but whether the classification is such that the parties had a right to make it. The exclusion clause is not unreasonable or contrary to public policy. This being true, we must enforce the contract as made by the parties.

The general rule is that where the language in an insurance contract is uncertain or ambiguous, it must be construed most favorably to the assured. This rule has

no application where there is no uncertainty or ambiguity in the language used. The phraseology here is clear. It expressly excludes liability when the driver of the truck is operating it in violation as to age or driving license. There is just as much reason to contend that the provision is unreasonable as to age, as there is to assert that the provision as to driving license is meaningless. Where such a provision is not unreasonable or against public policy, it will be enforced. *Standard Auto Ins. Association* v. *Neal,* 199 Ky. 699, 251 S. W. 966, 35 A. L. R. 1468. A similar provision has been upheld in the following cases: *Andrews* v. *Goodman,* 115 W. Va. 702, 177 S. E. 876; *Zabonick* v. *Ralston,* 272 Mich. 247, 261 N. W. 316; *Crahan* v. *Automobile Underwriters,* 116 Pa. Super. 353, 176 Atl. 817.

Defendant's promise to render certain so called "services," unlike somewhat similar provisions in policies sold by regular stock companies, in so far as the expense incurred in this case, is expressly limited to accidents covered by general provisions of the policy. As pointed out above, the operation of the truck by a driver without a license was expressly excluded from coverage. It follows that plaintiff cannot recover for attorney fees under the service provision of the contract.

It it not necessary for the court to pass upon the provisions of the 1934 amendment (ch. 346) to section 4326a of the Code (1930), as this amendment did not become effective until after the date of the accident which gave rise to this cause of action.

For the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*