INSURANCE COMPANY OF NORTH AMERICA, Appellant,

v.

Edward C. MAURER et al., Appellees.

No. 12097.

Court of Civil Appeals of Texas, Austin.

Jan. 23, 1974.

Rehearing Denied Feb. 13, 1974.

**932**

John H. Coates, Mary Joe Carroll, Clark, Thomas, Harris, Denius & Winters, Austin, for appellant.

Tom H. Davis, Byrd, Davis, Eisenberg & Clark, Austin, for appellees.

PHILLIPS, Chief Justice.

This case presents two questions: the first, coverage under a policy of aircraft insurance; the second, the damages incurred. The case was tried to the court without a jury. The court ruled that the aircraft was covered by the policy in question and awarded damages of $13,323.00. We affirm this judgment.

I.

The facts of the case are stipulated. Appellant company issued appellees an insurance policy extending hull and liability coverage to a Piper aircraft. The plane crashed and sustained hull damage. The pilot in command on the occasion in question (the appellee) was in possession of a current pilot certificate at this time; however, he did not have a current medical certificate as required by rules and regula-

tions of the Federal Aviation Administration. The failure to have the medical certificate was the basis for appellant's denial of coverage.

The coverage in question depends upon the following provision in the policy:

"It is agreed that coverage provided by the policy shall not apply while the aircraft is in flight unless the pilot in command of the aircraft maintains a *valid pilot's certificate with ratings and certificates appropriate for the flight and the aircraft as required by the Federal Aviation Administration* (and its foreign equivalent, if applicable) and is either a person named below or a person meeting the qualifications set forth below. If no such qualifications are listed, only the person or persons named may act as pilot in command." [Emphasis supplied]

Title 14 of the Code of Federal Regulations, in Part 61, Chapter 1, titled "Federal Aviation Administration," includes the following:

"§ 61.3 Certificates and ratings required.

"(a) Pilot certificate. No person may act as a pilot in command or in any other capacity as a required pilot flight crewmember of a civil aircraft of U.S. registry unless he has in his personal possession a current pilot certificate issued to him under this part. . . .

. . . . . .

"(c) Medical certificate. Except for glider pilots piloting gliders, no person may act as pilot in command or in any other capacity as a required pilot flight crewmember of an aircraft under a certificate issued to him under this part, unless he has in his personal possession an appropriate current medical certificate issued under Part 67 of this chapter."

Appellant maintains that the policy conditions liability coverage upon compliance with the above mentioned requirements of the Federal Aviation Administration. Further, that, contrary to Federal regulations,

appellee had permitted his medical certificate to expire, thus suspending his pilot's certificate until he secured proper medical certification. We do not agree.

In Continental Casualty Co. v. Warren, 152 Tex. 164, 254 S.W.2d 762 (1953) the Supreme Court announced the rule in Texas with respect to the construction applicable to insurance policies is that the insurer may not escape liability merely because its interpretation should appear a more likely reflection on the intent of the parties than the interpretation urged by the insured. The latter has to be no more than one which is not itself unreasonable. Lloyds Casualty Insurer v. McCrary, 149 Tex. 172, 229 S.W.2d 605. A related or subsidiary rule is that exceptions and words of limitation will be strictly construed against the insurer. Providence Washington Insurance Co. v. Proffitt, 150 Tex. 207, 239 S. W.2d 379 (1951). To quote from *Warren:* "For all the particular considerations reasonably indicating that the pilot is not covered, there are yet others making it not unreasonable to say that he is, and that the insurer is therefore liable." The rule in *Warren* was recently reaffirmed in United States Fidelity & Guaranty Co. v. Bimco Iron & Metal Corporation, 464 S.W.2d 353 (Tex.Sup.1971).

We hold that it is not unreasonable to conclude that the requirement of a "valid pilot's certificate with ratings and certificates appropriate for the flight and the aircraft as required by the Federal Aviation Administration" does not also require a valid medical certificate.

We note also that the phrase "valid pilot's certificate" is singular. It refers only to one certificate and that is a pilot's certificate and not a medical certificate. It is undisputed that appellee had a current pilot's certificate on the occasion in question. The phrase "as required by the Federal Aviation Administration" in the policy simply requires that the pilot have a valid pilot's certificate as required by the F.A.A. See Royal Indemnity Co. v. John F.

Cawrse Lumber Co., 245 F.Supp. 707 (D. Or.1965).

Nor can we agree with appellant's position that under the terms of its policy a violation of the Federal Aviation Administration regulations would necessarily avoid coverage. See Roach v. Churchman, 431 F.2d 849 (8th Cir. 1970), where the court held that the breach of an F.A.A. regulation breached an operating safety rule only, not rising to the level of a term, condition or limitation upon a Federal Aviation Administration pilot's certificate as used in 49 U.S.C., sec. 1422, or, correspondingly, in the policy exclusion of an insurance contract. Also see Berlanti v. Underwriters at Lloyds, London, 9 Avi. 17, 420 (1964).

## II.

We also hold that the trial court correctly determined the measure of damages within the policy limits ($14,000) to be the difference between the reasonable market value of the aircraft immediately before the crash ($18,900) and immediately after the crash ($5,577) or $13,323.

We overrule appellant's contention that the trial court should have awarded damages based upon the difference between the face amount of its policy, $14,000, and the salvage value of the aircraft, $5,577. The court was correct in determining damages as the difference between the reasonable market value of the aircraft immediately before the crash and immediately after the crash since the amount of damages was within the policy limits of $14,000. Aetna Casualty & Surety Co. v. Clark, 427 S.W. 2d 649 (Tex.Civ.App., Dallas 1968, no writ); Lerman v. Implement Dealers Mutual Insurance Co., 382 S.W.2d 285 (Tex. Civ.App., Houston 1964, writ ref. n. r. e.); German Insurance Co. v. Everett, 18 Tex. Civ.App. 514, 46 S.W. 95 (1898, writ ref.).

The judgment of the trial court is affirmed.

Affirmed.