## U.S. SPECIALTY INSURANCE COMPANY, Plaintiff,

v.

## SKYMASTER OF VIRGINIA, INC., Gary Howard Johnson Poulin, Jane Ann Poulin, Ginger Marie Poulin, Eric Andrew Poulin, and Ruth Hodges, Defendants.

### No. 2:00CV39.

United States District Court, E.D. Virginia, Norfolk Division.

Dec. 11, 2000.

Donald Morris Burks, Sands, Anderson, Marks & Miller, Albert Marcellus Orgain, IV, Sands, Anderson, Marks & Miller, Richmond, VA, for U.S. Specialty Insurance Company, plaintiffs.

Joseph Anthony Gawrys, Virginia Beach, VA, Carl Randall Stone, Williamsburg, VA, Carl Randall Stone, Richmond, VA, for Skymaster of Virginia, Inc., Gary Howard Johnson Poulin, Jane Ann Poulin, Ginger Marie Poulin, Eric Andrew Poulin, Ruth Hodges, defendants.

## OPINION & ORDER

MILLER, United States Magistrate Judge.

This matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I. PROCEDURAL BACKGROUND

On September 21, 2000, the Court heard argument on the motion of U.S. Specialty Insurance Company ("U.S.Specialty") for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). Albert M. Orgain, IV, Esq. represented U.S. Specialty. Joseph Gawrys, Esq. represented Skymaster of Virginia, Inc. ("Skymaster") and Gary Howard Johnson Poulin ("Mr.Poulin"). Carl R. Stone, Esq. represented Jane Ann Poulin, Ginger Marie Poulin, Eric Andrew Poulin and Ruth Hodges. The Official Court Reporter was Diane Gray.

U.S. Specialty filed a Petition for Declaratory Judgment on January 19, 2000 alleging that Mr. Poulin and Skymaster fraudulently misrepresented and concealed information pertinent and material to the issuance of an insurance policy, and failed to cooperate with U.S. Specialty following a loss. U.S. Specialty seeks a declaratory judgment that the insurance policy at issue affords no coverage of any kind to Skymaster or others, and that the insurance policy is void.

On August 22, 2000, U.S. Specialty filed a Motion for Summary Judgment ("Motion"). Skymaster and Mr. Poulin filed an opposition to the motion ("Skymaster Opposition") with an affidavit ("Poulin Affidavit") in support on September 5, 2000 to which U.S. Specialty replied on September 13, 2000. The remaining defendants filed an opposition to the motion on September 8, 2000 to which U.S. Specialty replied on September 18, 2000. A hearing was held on September 21, 2000 before the under-

signed, and the Court heard argument on the motion for summary judgment.

After a review of the memoranda submitted by the parties, and the applicable statutory and case law, the Court ORDERS that U.S. Specialty's Motion for Summary Judgment is GRANTED.

## II. FACTUAL BACKGROUND

Skymaster is a Virginia corporation which was formed for the purpose of owning a 1973 Cessna 3376 aircraft ("Aircraft"). Complaint ¶ 2. On June 12, 1998, Mr. Poulin, the secretary-treasurer of Skymaster and one of its shareholders, applied for insurance on the Aircraft. Complaint Exhibit B. The application was forwarded to U.S. Specialty which issued an insurance policy ("Policy") on the Aircraft for June 12, 1998 through June 12, 1999. Complaint Exhibit A. The Policy covered property damage, personal injury liability, and medical payments. Mr. Poulin crash landed the Aircraft on August 9, 1998. Complaint ¶ 14. Jane Ann Poulin, Ginger Marie Poulin, Eric Andrew Poulin and Ruth Hodges were passengers in the Aircraft at the time of the crash. Complaint ¶ 16. Mr. Poulin as well as some of the passengers sustained substantial injuries, and the Aircraft sustained substantial damage. Complaint ¶¶ 15–16.

Following the crash, Federal Aviation Administration ("FAA") inspectors examining the crash site found prescription medication for Mr. Poulin, including insulin. Motion Exhibit 9, pp. 189, 193. The Policy issued by U.S. Specialty required Mr. Poulin and Skymaster to submit to an examination under oath in the event of an accident or occurrence. Complaint Exhibit A, p. 4. Mr. Poulin was examined under oath on July 21, 1999, and refused to answer several questions by asserting his Fifth Amendment privilege to prevent self-incrimination. Motion Exhibit 2. Many of the questions which Mr. Poulin refused to answer pertained to his diabetic condition and his Federal Aviation Administration

("FAA") medical certificate. Motion Exhibit 8. Following the examination, U.S. Specialty requested Skymaster to produce a list of documents. Mr. Poulin refused to provide any documents for six months, and then refused to produce certain of the documents which were pertinent to the claim. Motion Exhibits 5 and 6. On December 30, 1999, Skymaster filed a Proof of Loss with U.S. Specialty for property damage to the Aircraft, and this declaratory judgment suit was filed by U.S. Specialty. Motion Exhibit 9, p. 165.

Mr. Poulin was deposed on August 1, 2000, and the following information was discovered. Motion Exhibit 9. Mr. Poulin was diagnosed with diabetes mellitus in 1987, and has suffered from the disease ever since. Poulin Affidavit ¶ 1. Mr. Poulin went to Dr. Royer, an FAA Medical Examiner, to have his FAA Third Class Medical Certificate renewed in May of 1996 and May of 1998. Poulin Affidavit ¶ 4; Skymaster Opposition p. 3. Pilots over the age of forty must have their Third Class Medical Certificate renewed every two years. *See* 14 C.F.R. § 61.3(c)(1). Even though Mr. Poulin had an established medical history of diabetes mellitus which required insulin or some other type of hypoglycemic drug to control the condition, he did not disclose this information to Dr. Royer in May of 1996 or May of 1998. Skymaster Opposition p. 3; Motion Exhibit 1, ¶¶ 2, 4; Exhibit 4, ¶ 11. Further, he did not disclose this information on the application forms for renewal of the certificate, which specifically asked whether the applicant suffered from diabetes. Motion Exhibit 9, pp. 185–88. Skymaster Opposition p. 3 and Exhibit 3. Mr. Poulin's Third Class Medical Certificate was renewed on both occasions.

Mr. Poulin was using insulin or some other hypoglycemic drug to control his diabetes on August 9, 1998, the date of the crash. Following the crash, the FAA required Mr. Poulin to surrender his Medical Certificate or face a legal enforcement action. Complaint Exhibit C. Mr. Poulin subsequently applied for a Medical Certificate with a waiver attached due to his diabetic condition, and the application was denied. Motion Exhibit 7; Motion Exhibit 9, pp. 193–97.

At the time of the crash, Mr. Poulin was the secretary-treasurer of Skymaster, and one of its shareholders. Motion Exhibit 2, p. 7. Mr. Poulin is now the sole shareholder of Skymaster. Motion Exhibit 1 ¶ 16.

### III. *MOTION FOR SUMMARY JUDGMENT*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). For the evidence to present a "genuine" issue of material fact, it must be "such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Facts are deemed material if they might affect the outcome of the case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In other words, the moving party's submission must foreclose the possibility of the existence of facts from which it would be open to a jury to make inferences favorable to the non-movant. *Id.*

In deciding a summary judgment motion, the court must view the record as a whole and in the light most favorable to the non-moving party. *Terry's Floor Fashions, Inc. v. Burlington Indus., Inc.,* 763 F.2d 604, 610 (4th Cir.1985). "If, however, 'the evidence is so one-sided that one party must prevail as a matter of law,' we must affirm the grant of summary judgment in that party's favor." *O'Connor v. Consolidated Coin Caterers Corp.,* 56 F.3d 542, 545 (4th Cir.1995) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Either party may submit as evidence "pleadings, depositions, answers to inter-

rogatories, and admissions on file, together with ... affidavits" to support or rebut a summary judgment motion. Fed.R.Civ.P. 56(c). Supporting and opposing affidavits must be based on personal knowledge and must set forth facts that would be admissible in evidence. *Id.* at 56(e). Furthermore, the party moving for summary judgment need not supply "affidavits or other similar materials negating the opponent's claim." *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548.

Rule 56 mandates a grant of summary judgment against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. The party who bears the burden of proving a particular element of a claim must "designate 'specific facts showing there is a genuine issue for trial'" with respect to that element. *Id.* at 324, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 56(e)).

When a motion for summary judgment is made and supported by affidavits as provided for in Rule 56, an adverse party may not rest upon mere allegations or denials of the moving party's pleadings. Rather, the rule requires the nonmoving party's response, by affidavits or as otherwise provided for in Rule 56, to set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, should be entered against the nonmoving party. Fed.R.Civ.P. 56(e); *Atkinson v. Bass,* 579 F.2d 865, 866 (4th Cir.), *cert. denied,* 439 U.S. 1003, 99 S.Ct. 615, 58 L.Ed.2d 679 (1978).

In addition, the opposing party is entitled under Rule 56(f) to set forth in an affidavit reasons why he is presently unable to present by evidentiary affidavit facts essential to justify his opposition. Fed.R.Civ.P. 56(f); *Atkinson,* 579 F.2d at 866. If the reasons are adequate, the trial judge has broad discretion to determine whether to deny the motion for summary judgment, order a continuance, or make some other just disposition. *Id.; see also Evans v. Technologies Applications & Service Co.,* 80 F.3d 954, 961 (4th Cir.1996).

With these controlling principles in mind, the Court turns to the merits of the motion for summary judgment.

## IV. ANALYSIS

### A. Requirement that Pilot Possess a Current and Proper Medical Certificate

It is undisputed that the Policy excludes coverage of the pilot, the passengers, and the Aircraft if the pilot does not have a current and proper medical certificate. Following are the pertinent sections of the insurance policy issued by U.S. Specialty. *See* Complaint Exhibit A. The "Coverage Identification Page" of the Policy states at Item 9,

> The aircraft must be operated in flight only by a person shown below, who must have a current and proper (1) medical certificate and (2) pilot certificate with necessary ratings required by the FAA for each flight. There is no coverage under the policy if the pilot does not meet these requirements.

Part One of the Policy entitled "General Provisions and Conditions" states in paragraph 3:

> You must make certain that the pilot operating the aircraft in flight meets the requirements shown in Item 9 of the Coverage Identification Page. There is no coverage under the policy if the pilot does not meet these requirements.

Part Two of the Policy entitled "Aircraft Physical Damage" states in paragraph 4(a):

> We will not pay for physical loss of or damage to your aircraft ... unless the requirements of the Coverage Identification Page regarding Pilots (Item 9) and Use (Item 10) are met; ...

Part Three of the Policy entitled "Liability to Others" states in paragraph 4(a):

We do not cover any ... bodily injury or property damage unless the requirements of the Coverage Identification Page regarding Pilots (Item 9) and Use (Item 10) are met; ...

### 1. Mr. Poulin Did Not Possess a Current and Proper Medical Certificate

■ Mr. Poulin's medical certificate was not current and proper due to the misrepresentations made· to Dr. Royer regarding his diabetic condition and his failure to disclose his condition on the medical certificate renewal form.

The general medical standards for a third-class airman medical certificate are defined in 14 C.F.R. § 67.313. The first medical standard addressed is: "(a) No established medical history or clinical diagnosis of diabetes mellitus that requires insulin or any other hypoglycemic drug for control." Mr. Poulin has admitted that he did not disclose his diabetic condition or the fact that he was taking insulin to control his diabetes to Dr. Royer; or, disclose his diabetic condition on the forms for renewal of his medical certificate up to and including the renewal of his certificate on May 21, 1998.

In *Ranger Insurance Company v. Bowie,* 574 S.W.2d 540, 541 (Tex.1978), the pilot had a history of heart trouble, but denied that he had heart trouble when he applied for his medical certificate and renewed his medical certificate two years later. Mr. Bowie was taking heart medication at the time of the accident and the insurance policy on the aircraft he was flying required that the pilot hold a valid and effective medical certificate. *Id.* at 541–42. The Court held,

> [t]he "pilot clause" in this case clearly contemplates a Valid medical certificate, one which has been granted on the basis of health deemed suitable by the Federal Aviation Administration for the command of an aircraft, not one granted upon the basis of a fraudulent misrepresentation.... Merely the fact that it had

not been canceled by the FAA does not make the medical certificate valid. Since the medical certificate was not valid, the plane was not piloted by a person who qualified under the "pilot clause" of the policy.

*Id.* at 542. Similarly, Mr. Poulin did not possess a "proper and current" medical certificate on the date of the accident as required by the U.S. Specialty Policy.

Due to Mr. Poulin's repeated misrepresentations when renewing his medical certificate, the medical certificate he possessed on the date of the crash was not proper and current as required by the U.S. Specialty Policy. Further, Mr. Poulin applied for a medical certificate with a waiver for his diabetic condition following the crash, and his application was denied. Because Mr. Poulin did not hold a current and proper medical certificate at the time of the accident, there was no coverage for injuries suffered by Mr. Poulin and the passengers, or for damage to the Aircraft under the terms of the Policy. *See United States Fire Insurance Company v. Producciones Padosa, Inc.,* 835 F.2d 950 (1st Cir.1987).

### 2. Exclusion is Permitted Under Virginia Code § 38.2–2227

Defendants argue that U.S. Specialty cannot deny coverage under the Policy based on the requirement of a current and proper medical certificate due to a Virginia statute enacted in 1970 entitled "Aircraft liability policy not to deny coverage for violation of federal or civil regulations, etc.; permitted exclusions or conditions":

> No insurance policy issued or delivered in this Commonwealth covering loss, expense, or liability arising out of the loss, maintenance, or use of an aircraft shall act to exclude or deny coverage because the aircraft is operated in violation of federal or civil regulations or any state or local ordinance. This section does not prohibit the use of specific exclusions or conditions in any policy that relates to any of the following:

1. Certification of an aircraft in a stated category by the Federal Aviation Administration;
2. Certification of a pilot in a stated category by the Federal Aviation Administration;
3. Establishing requirements for pilot experience; or
4. Restricting the use of the aircraft to the purposes stated in the policy.

Virginia Code § 38.2–2227. Whether possessing a current and proper medical certificate is part of the "certification of a pilot in a stated category by the Federal Aviation Administration" is an issue of first impression in Virginia.

The FAA regulations at issue are codified in § 61.3 of the Code of Federal Regulations entitled "Requirement for certificates, ratings, and authorizations." Subsection (a) Pilot Certificate states, "a person may not act as pilot in command or in any other capacity as a required pilot flight crewmember of a civil aircraft of U.S. registry, unless that person has a valid pilot certificate or special purpose pilot authorization issued under this part...." Subsection (c) Medical Certificate states, "a person may not act as pilot in command or in any other capacity as a required pilot flight crewmember of an aircraft, under a certificate issued to that person under this part, unless that person has a current and appropriate medical certificate...." The remaining subsections refer to the following: (c) pilot certificate for operating a foreign-registered aircraft, (d) flight instructor certificate, (e) instrument rating, (f) category II pilot authorization, (g) category III pilot authorization, (h) category A aircraft pilot authorization, (i) ground instructor certificate, (j) age limitation for certain operations, (k) special purpose pilot authorization, and (l) inspection of certificate. The structure of the regulation does not help clarify what is meant by "certification in a stated category." It appears that for a pilot to meet all requirements of a pilot in command of an aircraft, that pilot must have a pilot certificate, medical certificate, the appropriate instrument rating depending on weather conditions, and the appropriate authorization for the type of aircraft and operations to be undertaken. A reasonable interpretation of the regulation is that a pilot must qualify under several of the subsections to be properly certified in a stated category.

Georgia has enacted a statute identical to Virginia Code § 38.2–2227. See O.C.G.A. § 33–24–30 (1982). The Middle District of Georgia has addressed the issue in this case, and determined that for a pilot to be "validly certified at all," he must have a proper medical certificate. *Monarch Insurance Company of Ohio v. Polytech Industries, Inc.*, 655 F.Supp. 1058, 1064 (M.D.Ga.1987). In *Monarch*, the insurance policy contained the following provision,

> [t]he coverage afforded by this policy shall not apply unless the aircraft is operated in flight by the following pilots warranted they hold valid and effective pilot and medical certificates with ratings as required by the Federal Aviation Administration for the flight involved....

*Monarch Insurance Company of Ohio v. Polytech Industries, Inc.*, 655 F.Supp. at 1060. At the time of the crash, the pilot in command had not undergone a biennial flight review and medical examination as required by the FAA. *Id.* at 1060–61. The policyholders in *Monarch* argued that the policy language quoted above was contrary to Georgia's statute prohibiting denial of coverage because an aircraft "is operated in violation of civil air regulations pursuant to federal, state, or local laws or ordinances." *Id.* at 1064.

The Court found that the above policy provision was permitted by the statute's authorization of exclusions for "establishing requirements for pilot experience" and "[certifying] a pilot in a stated category by

the Federal Aviation Administration." *Id.* The Court further held, "the regulations make it clear that to be validly certified at all, a pilot must have a biennial medical examination and flight review," and that "a pilot certificate is automatically suspended if the pilot fails to abide by the regulations for its upkeep." *Id.* The Court also considered that the aircraft had not been through the annual inspection required by the FAA for the maintenance of a valid Airworthiness Certificate. *Id.* at 1060. Summary judgment was granted in favor of the insurance company based on the pilot's failure to hold a valid pilot certificate and a valid airworthiness certificate for the aircraft. *Id.* at 1066; *see also Brown v. North American Specialty Insurance Company*, 235 Ga.App. 299, 302, 508 S.E.2d 741, 744 (1998) (holding that an instrument rating is part of a pilot certificate, and insurance company was permitted to include an exclusion regarding instrument rating under the statute); *Farmers and Merchants Bank of Manchester v. Ranger Insurnace Company*, 125 Ga.App. 166, 167, 186 S.E.2d 579, 580 (1971) (holding a student pilot certificate did not allow pilot to act as pilot in command, and provision requiring a valid pilot and medical certificate was permitted under the statute).

California has a statute similar to Virginia Code § 38.2–2227 which prohibits exclusions or denial of coverage for losses "arising out of the ownership, maintenance, or use of an aircraft ... operated in violation of federal or civil air regulations." *See Threlkeld v. Ranger Insurance Company*, 156 Cal.App.3d 1, 202 Cal.Rptr. 529 (1984). In *Threlkeld*, the California Court of Appeals found that the statute prohibits "exclusions or denial of coverage because of the manner of the operation of the aircraft which is in violation of federal laws and regulations and not to the use for which the aircraft is operated." *Id.* 156 Cal.App.3d at 8, 202 Cal.Rptr. at 533. At the summary judgment hearing, U.S. Specialty asserted that the Virginia statute exclusively applies to exclusions regarding the manner of the operation of the aircraft. However, if the statute only addresses manner of operation, it would not be necessary to include the four listed exclusions since the exclusions do not apply to the manner of operation of the aircraft. This reading of the Virginia statute is too narrow.

■ Skymaster argues that the statute only allows an exclusion of coverage for failure to possess a pilot certificate, and that a medical certificate is a separate certificate not included in the pilot certificate. Skymaster cites three cases holding provisions in insurance contracts which require a valid pilot's certificate do not require a current medical certificate. *See Royal Indemnity Company v. John F. Cawrse Lumber Company*, 245 F.Supp. 707, 711 (D.Or.1965) (holding an insurance policy which requires "a valid and current private or commercial pilot certificate" does not require a medical certificate); *Insurance Company of North America v. Maurer*, 505 S.W.2d 931, 933 (Tex.Civ.App. 1974) (holding "it is not unreasonable to conclude that the requirement of a 'valid pilot's certificate with ratings and certificates appropriate for the flight and the aircraft as required by the FAA does not also require a valid medical certificate"); *Woods v. Insurance Company of North America*, 38 Cal.App.3d 144, 152, 113 Cal. Rptr. 82, 88 (1974) (holding "properly certified and rated for the flight and aircraft" does not require a medical certificate). These cases are not compelling for several reasons. None of these insurance contracts expressly require a medical certificate as the U .S. Specialty insurance contract does. The cases are interpreting insurance policies using contract principles, therefore, the policies must be construed in favor of the insured. Lastly, these cases do not address exclusion limiting statutes such as the Virginia Code statute at issue in this case.

The Georgia cases discussing a statute identical to Virginia Code § 38.2–2227 are

more persuasive than the cases cited by Skymaster which interpret particular insurance policies. The statute permits insurance companies to include exclusions in their policies which *relate to* "[c]ertification of a pilot in a stated category by the Federal Aviation Administration." FAA regulations provide that "a person may not act as pilot in command or in any other capacity as a required pilot flight crewmember of an aircraft, under a certificate issued to that person under this part, unless that person has a current and appropriate medical certificate." 14 C.F.R. § 61.3(c). The requirement that a pilot possess a current and proper medical certificate is clearly "related to" the "[c]ertification of a pilot in a stated category by the Federal Aviation Administration." Therefore, Virginia Code § 32.8–2777 permits insurance companies to exclude coverage where a pilot does not possess a current and proper medical certificate.

### B. *Causal Connection*

Next, Skymaster asserts that in order for U.S. Specialty to void the policy, there must be a causal connection between the loss and the associated insurance policy exclusion. *See* Skymaster Opposition p. 17. The Supreme Court of Virginia rejected plaintiff's argument that there must be a causal connection between the automobile insurance policy exclusion and the loss in *Holland Supply Corporation v. State Farm Mutual Automobile Insurance Company,* 166 Va. 331, 335, 186 S.E. 56, 57 (Va.1936). The insurance policy at issue contained a provision that the company would not be liable for loss or damage "caused while the said automobile is being driven or operated by any person whatsoever ... violating any law or ordinance as to age or driving license." *Id.* 166 Va. at 332, 186 S.E. at 56. At the time of the loss, the automobile was being driven by a driver who was not licensed to drive, though he had been driving automobiles for twelve years and was a competent driver. *Id.* 166 Va. at 333, 186 S.E. at 56–57.

The Court explained why a causal connection was not required:

> [t]his action is not based upon tort, in which one of the determinate factors is proximate cause, but upon contract. This contract does not purport to cover all operations of the truck insured. There are several operations which are expressly excluded; namely, ... (2) While the truck is being operated by any person in violation of law as to driving license.
>
> . . .
>
> The premiums paid for insurance are, in a large measure, based upon the fact that the policy does not cover certain more hazardous risks.

*Id.,* 166 Va. at 335–36, 186 S.E. at 57–58 (1936). The Court held that the exclusion was clear, unambiguous, not unreasonable, and not contrary to public policy; therefore, the Court must enforce the contract as made by the parties. *Id.* 166 Va. at 340, 186 S.E. at 59.

Similarly, in *Mutual Benefit Health and Accident Association v. Alley,* 167 Va. 144, 155, 187 S.E. 456, 461 (1936), the plaintiff argued that there must be a causal connection between a false representation made on his insurance application and the loss. The Virginia Supreme Court held that "false representations of material facts in the application made by the applicant, go to the validity of the policy at its inception. It cannot be held valid for one purpose and invalid for another." *Id.* Therefore, the Court did not require a causal connection, and held the contract of insurance void. *Id.* 167 Va. at 156, 187 S.E. at 461.

The Fourth Circuit has addressed the issue of causal connection in two appeals from the Western District of Virginia. *See Provident Life & Accident Ins. Co. v. Eaton,* 84 F.2d 528, 531 (4th Cir.1936); *Coleman Furniture Corporation v. Home Ins. Co. of New York,* 67 F.2d 347, 350 (4th Cir.1933). In both cases, the Court held that the law in Virginia does not require a causal connection between the loss and the

insurance policy exclusion to defeat recovery under the policy.

Skymaster cited one Virginia case requiring a causal connection between the policy exclusion and the death of the insured. *Metropolitan Life Insurance Co. v. Goodwin,* 166 Va. 119, 184 S.E. 208 (1936). This case is in direct contravention of the cases cited above, and the Court finds that it is not as persuasive as those cases which do not require a causal connection. U.S. Specialty's requirement that pilots have a current and proper medical certificate is clear, unambiguous, not unreasonable, and not contrary to public policy, and this Court will enforce the contract between U.S. Specialty and Skymaster. No causal connection between the lack of a proper medical certificate and the crash is necessary to void the Policy.

### C. *Virginia Code § 38.2–2226 Notice Requirement*

Jane Ann Poulin, Ginger Marie Poulin, Eric Andrew Poulin, and Ruth Hodges assert that U.S. Specialty failed to give them notice of its intention to rely on a breach of the terms or conditions of the Policy within 45 days after discovery of the breach as required by Virginia Code § 38.2–2226. They contend U.S. Specialty has waived the defense of breach of the Policy as to their claims.

Virginia Code § 38.2–2226 states in pertinent part:

> Whenever any insurer on a policy of liability insurance discovers a breach of the terms or conditions of the insurance contract by the insured, the insurer shall notify the claimant or the claimant's counsel of the breach. Notification shall be given within forty-five days after discovery by the insurer of the breach or of the claim, whichever is later.... Failure to give the notice within forty-five days will result in a waiver of the defense based on such breach to the extent of the claim by operation of law.

The uncontradicted assertion at the summary judgment hearing was that Jane Ann Poulin, Ginger Marie Poulin, Eric Andrew Poulin, and Ruth Hodges had not filed a proof of claim with U.S. Specialty. The only Proof of Claim filed was filed by Skymaster for damage to the Aircraft. *See also* Motion Exhibit 9, p. 165. Counsel for Jane Ann Poulin, Ginger Marie Poulin, Eric Andrew Poulin, and Ruth Hodges stated that they have filed a suit in state court against Mr. Poulin and Skymaster. However, they have not yet served Mr. Poulin or Skymaster with that action.

Therefore, the 45 day notification period had not begun to run as of the date of the summary judgment hearing, and U.S. Specialty has not waived any defense based on Mr. Poulin's breach of the Policy.

U.S. Specialty has asserted two additional claims in support of its motion for summary judgment: the Policy was breached due to Skymaster's failure to cooperate with the investigation following the crash, and the defendants are not entitled to coverage based on the common law maxim that no person should be permitted to profit by his own wrong. Because summary judgment is granted on the basis of Mr. Poulin's failure to possess a current and proper medical certificate, it is not necessary to address these additional arguments.

### V. *ORDER*

For the foregoing reasons, the Court orders that U.S. Specialty's Motion for Summary Judgment is hereby GRANTED.

The Clerk shall mail a copy of this Order to all counsel of record.